Commonwealth *v.* James, Appellant.

Argued September 24, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John Leslie Kilcoyne,* with him *William H. Satterthwaite, Jr.,* for appellant.—It was error to refuse to read defendant's third point for charge: Com. v. Chapler, 228 Pa. 630; Com. v. Greene, 227 Pa. 86.

It was error for the court below to admit in evidence the confession of defendant: Ziang Sung Wan v. U. S., 266 U. S. 131; Purpora v. U. S., 262 Fed. 473.

It was error for the court below to refuse to strike from the record the conversation of Abram Lear with the deceased, in the presence of an unidentified third person.

It was error for the court below to admit in evidence the sample of blood-stained earth taken from the scene of the murder.

It was error for the court below to refuse the request to withdraw a juror: Surface v. Bentz, 228 Pa. 610; Hale v. Hale, 32 Pa. Superior Ct. 37; Wagner v. Twp., 215 Pa. 219; Com. v. Bell, 288 Pa. 29; Com. v. Weiss, 284 Pa. 105; Com. v. Minnich, 250 Pa. 363; Com. v. Haines, 257 Pa. 289; Com. v. Wilson, 186 Pa. 1.

It was error for the court below to refuse defendant's motion for a continuance of the trial: Com. v. Meyers, 290 Pa. 573.

*Arthur M. Eastburn,* for appellee.—Having given the jury one plain, full and adequate statement of law, the judge need not do more: Com. v. Lockett, 291 Pa. 319; Com. v. Lewis, 222 Pa. 302; Com. v. Hand, 59 Pa. Superior Ct. 286.

As the witnesses for the Commonwealth had testified that the confession was voluntary it was rightly received in evidence and the trial judge properly instructed the jury to decide whether it was voluntary or involuntary, and, if the former, to consider it, but, if the latter, to disregard it; which was all defendant had a right to ask: Com. v. Bishop, 285 Pa. 55; Com. v. Epps, 193 Pa. 512; Com. v. Shew, 190 Pa. 23; Com. v. Wilson, 186 Pa. 1.

The settled rule of the cases is that an application for a continuance on the ground of want of time for preparation by counsel and for obtaining witnesses in behalf of defendant is an appeal to the sound discretion of the

court and will not be reviewed except for gross abuse: Com. v. Meyers, 290 Pa. 573; Com. v. Blakely, 274 Pa. 100; Com. v. Zec, 262 Pa. 251; Com. v. Scouton, 20 Pa. Superior Ct. 503; Com. v. Delero, 218 Pa. 487; Com. v. Renzo, 216 Pa. 147; Com. v. Bezek, 168 Pa. 603; Com. v. Buccieri, 153 Pa. 535.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1928:

Appellant, under sentence of death for a murder of the first degree, in a written confession, offered in evidence on his trial, thus substantially recounted the circumstances of the killing: He had determined to slay the deceased because the latter owed him money for whiskey. Acting upon this resolve, he left his home in Delaware County, arming himself with a pistol, went to Doylestown in Bucks County, where his victim resided, and made inquiry at his home as to his whereabouts. Not finding him there, he waited around the streets, returning about midnight, and, under a false pretense, lured the deceased into the country some miles from Doylestown, traveling in the latter's automobile. Arrived at a lonely spot, the two alighted, whereupon the condemned fired five shots into his companion's body, producing death. He lifted the dead man from the road, loaded him into the rear of the automobile, proceeded by a circuitous route to a canal into which he threw the body, whence it was recovered a few days later.

Defendant made two confessions; in the first he admitted his presence at the slaying but denied active participation in it, saying the fatal shots were fired by another whom he named. Subsequently defendant recanted this statement and admitted that he had done the deed. The confession was corroborated in every important feature. Deceased's automobile was found in defendant's possession after the murder. He pointed out the spot where it took place and human blood was found there. He indicated the bridge over the canal

from whence the body had been thrown; it was grappled for and brought to the surface; blood stained seat covers and a carpet from the dead man's automobile were found where appellant said he had put them. A knife and fountain pen belonging to the murdered man were found in his possession. Defendant did not deny the confession and did not take the witness stand.

There are fifteen assignments of error; none has merit; some are trivial.

Appellant submitted a point for charge "Murder in the first degree is limited to wilful, deliberate and premeditated killing, and the presumption from the use of a deadly weapon arises no higher than murder in the second degree." This point was not answered by the trial judge and his failure so to do is specified as error. Passing the question whether this instruction sought embraces the entire field of the legal conclusion to which it is directed, and whether, to be complete as a correct statement of the law arising from the fact of the use of a deadly weapon it should not embody the statement that the use of such upon a vital part, with a manifest intent so to use it, may answer the presumption, and manifest a purpose to kill, we find that the statement of the law desired was given to the jury in another point of defendant, which was affirmed. "The law's presumption is that the offense rises no higher than murder of the second degree, and the defendant is safe from conviction of the first degree until the Commonwealth has overcome the presumption of second degree by affirmatively showing the existence of every ingredient and element of the first degree. From this burden the Commonwealth is never relieved. Whenever it asks for conviction of murder of the first degree it must overcome the presumption of second degree after having established a felonious homicide even if committed by the use of a deadly weapon upon a vital part of the body of the deceased." The same was said in the general charge. Appellant was not entitled to have the instruction re-

peated: Com. v. Lockett, 291 Pa. 319; Com. v. Lewis, 222 Pa. 302.

Complaint is made of the admission in evidence of the confession. The only basis is that when it was made defendant was confined in the barracks of the state police and that he had been questioned by the state officers for a considerable period of time. This could not invalidate the confession: Com. v. Cavalier, 284 Pa. 311, 315; Com. v. Spardute, 278 Pa. 37, 47. No evidence of threats, compulsion or anything else indicating impropriety in obtaining it appeared. Defendant did not challenge it by his own testimony. The evidence of the officers showed that it was voluntarily made. Moreover, appellant admitted to Shaffer, to whom he had falsely laid the crime, that he, defendant, alone committed it.

It is said that the court erred in admitting the testimony of Abram Lear as to conversations with the deceased in the presence of another not identified as the defendant. This evidence was to the effect that Lear was talking to the deceased about midnight on the night of the murder, when someone, whom he could not recognize because of the darkness, came up. Defendant said in his first confession that about the hour named on the night of the murder he had talked with the deceased in the presence of someone whom he did not know, that deceased and the stranger were discussing the condition of a street. Lear testified this was the subject of the conversation between him and the deceased. The evidence was proper to corroborate defendant's confession and to show his contact with deceased just prior to the murder.

Another assignment challenges the receipt in evidence of a sample of blood-stained earth taken from the spot where defendant said he shot the deceased, because the earth was not removed until three days after the killing. The chemist who analyzed the sample testified positively that it contained human blood. Taken in connection with defendant's confession, it was admissible.

The refusal of the court to withdraw a juror on defendant's request was proper. A witness in testifying had referred to another murder but said nothing about defendant's connection with it. The court instructed the jury to disregard what was said.

None of the other assignments require particular comment. The admission in evidence of the clothing worn by the deceased for the purpose of showing the location of the bullet holes was within the discretion of the trial judge and no abuse of it appears. The refusal to continue the case in order to give defendant's counsel more time to prepare his defense was also within the sound discretion of the court below: Com. v. Myers, 290 Pa. 573; Com. v. Blakely, 274 Pa. 100. The charge of the court was in our judgment fair and adequate. As defendant had first charged Shaffer with the crime, it was not error to permit the latter to testify that he had no part in it. That he testified in chief, not in rebuttal, can make no difference. The order of proof was for the trial court. Other assignments require no mention as they are trivial in character. We have, however, considered them all. The matters adverted to therein did not produce defendant's conviction. That came about by his confession and its corroboration.

There are in the evidence all of the elements of a first degree murder. The penalty under the law was for the jury.

The assignments of error are all overruled, the judgment is affirmed and the record remitted to the court below for the purpose of execution.