## Commonwealth *v.* Skawinski, Appellant.

Argued November 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Sidney Grabowski,* with him *Martin J. Kushmerick* and *Alexander S. Gorny,* for appellant.

*Otto P. Robinson,* Assistant District Attorney, with him *John J. Owens,* District Attorney, for appellee.

OPINION BY MR. JUSTICE LINN, January 2, 1934:

About 9: 30 p. m. April 1, 1933, appellant and a confederate named Riggs (whose appeal to No. 376, Jan. T., 1933, was dismissed in an opinion filed today), p. 457, infra, entered a store in Scranton, to commit a robbery. Riggs aimed his revolver at the manager of the store, while appellant "covered" a customer, each commanding his victim to "stick 'em up." Instead of complying, the customer, a lieutenant of police of the City of Scranton,

in plain clothes, "grabbed" him "by the head," and, in the ensuing scuffle, was shot by defendant, dying the next day. Defendant himself so described the tragedy, both in his testimony from the stand, and in his confession, also put in evidence.* He was convicted of murder in the first degree and sentenced to death.

He complains of the refusal of a change of venue (Act of March 18, 1875, P. L. 30; 19 P. S., section 551) and of a motion for a continuance. The murdered policeman was an efficient, highly respected officer. Appellant contends that newspaper articles describing the crime, urging the arrest of the slayers and referring to defendant as a "trigger man," inflamed the public mind to such extent that he could not receive a fair trial. We have examined the evidence submitted in support of the motion. As might be expected, the newspaper articles refer to the value of the public service of the officer, and deplore the tragedy, but we find no ground for concluding that there was abuse of discretion in refusing the application in the circumstances. See Com. v. Smith, 185 Pa. 553, 40 A. 73; Com. v. Buccieri, 153 Pa. 535, 26 A. 228; Com. v. March, 248 Pa. 434, 94 A. 142; Com. v. White, 271 Pa. 584, 115 A. 870. Nor was there abuse of discretion (Com. v. James, 294 Pa. 156, 143 A. 910) in refusing a continuance of the trial for the purpose of enabling defendant to prepare a petition to this court immediately to review the refusal of the change of venue, the only ground alleged in support of the motion to continue. Examination of the record shows clearly that appellant

---

* In his confession, and, also, in his evidence, given in direct as well as in cross-examination, appellant, without objection, stated that in 1929, in New York, he participated in a "holdup," pleaded guilty, and was sentenced to Sing-Sing; that he was transferred to Walkill Prison farm from which he escaped in 1933. Immediately after his escape from Walkill, appellant and Riggs came to Scranton. They "held up" a drug store in Scranton, and also a house in Wilkes-Barre, shortly before committing the murder described in this record.

had a fair trial with no suggestion of prejudice of the character anticipated.

The remaining assignments relate to the charge. Appellant contends that the distinction between murder in the first and in the second degrees, and the effect of the presumption, that all murder is presumed to be second-degree murder with the burden on the Commonwealth to show that murder in the first degree was in fact committed, were not clearly stated; that there was error in part of the charge concerning death penalty. After defining murder at common law, and referring to the statute, the learned trial judge considered the evidence and read and affirmed eight points of charge,—all that were presented,—on behalf of defendant. In response to the judge's inquiry whether additional instructions were desired, a side-bar conference was held, following which the jury was specifically instructed on its power to fix the degree of murder: Com. v. Pacito, 229 Pa. 328, 335, 78 A. 828.

The last contention that appellant was prejudiced by the instruction concerning the duty to fix the penalty must also be rejected as without merit. The charge must be considered as a whole: Com. v. Johnson, 279 Pa. 40, 123 A. 638; Com. v. Bryson, 276 Pa. 566, 571, 120 A. 552. The extract assigned for error appears in italics in the following quotation, showing part of the context: "This act [of 1925], leaving to the jury the power that has usually been given to judges, is a recent act, and I can only say to you that it is left to your discretion. Anything that I might say to you as to the method in which you will use that discretion is not binding upon you in any respect whatever, but it might be merely my opinion as an individual. *Of course, the proposition is that human life is more or less sacred, but around sixteen years ago we sent four million people out, most of whom had done no wrong but who might have been compelled to sacrifice their lives for the country. If for the good of the community you deem it necessary to find the accused guilty*

*of murder in the first degree and to fix the penalty at death, you may consider that if that is your duty you should not shirk it.* On the other hand, all of the evidence is for you and it is for your discretion, and nothing that I say should influence your discretion in any manner, and if you find the accused guilty of murder in the first degree, if you do not think it is your duty to fix the penalty at death, you are free to fix the penalty at imprisonment for life. All of the testimony is for you, whether I have stated it or not, and you should consider it in arriving at your verdict." That cannot be considered erroneous under familiar decisions: Com. v. Stabinski, 313 Pa. 231, and cases cited in that opinion.

Judgment affirmed and record remitted for purposes of execution.