Commonwealth *v.* Appel, Appellant.

Argued November 14, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles J. Green,* for appellant.

*J. E. Kalson,* Assistant District Attorney, and with him *Andrew T. Park,* District Attorney, for appellee.

Opinion by Baldrige, J., December 18, 1934:

The subject of the larceny with which the defendant was charged and convicted was money used in making a telephone call from a public pay station of the Bell Telephone Company in a booth located in a drug store in Pittsburgh. The Commonwealth's evidence was that the defendant made long distance calls over a period of about a week, and the proprietor of the drug store became suspicious as the coins deposited were dropping into the refund box, notwithstanding the calls were completed. Accordingly, he made a report thereof to the telephone company. On Monday, November 6, 1933, two investigators in the employ of the

company were placed to watch this telephone booth. They saw the defendant making a long distance call to Philadelphia, inserting in the proper place coins which included some quarters recognized by the gong which sounds when a coin of that denomination is deposited. After defendant left the booth one of the investigators examined the mechanism, found it undisturbed, and permitted the defendant to depart. The next morning the sealed box, wherein the coins should have dropped after the call was completed if not interfered with, was broken open and $1.60 in nickels and one dime was found, but no quarters.

The defendant was arrested that day at the Seventh Avenue Hotel, next door to the drug store, and had in his possession two celluloid strips, which were halves of small pocket calendars. When arrested, he said he used these strips to keep dates, but when his attention was called to the fact that both strips were from January to June, inclusive, he made no answer or explanation. He denied having made this call on November 6th or having been in the drug store, but a small book which was found on him showed telephone number Boulevard 2953-W Philadelphia, and other numbers for Lancaster, Philadelphia, New York and Mt. Vernon, N. Y. At the trial defendant testified that he used these celluloid strips to draw lines. He acknowledged then that he had made various telephone calls from this booth, but asserted that he had deposited and left in the box the proper amount of money.

The telephone operator attached to the toll office handling long distance calls testified that on November 6, 1933, at 4:23, a long distance call was made from this booth, in which defendant was seen making the call, to Boulevard 2953-W Philadelphia. The call lasted three minutes and forty seconds, and the toll charge therefor was $1.80. She recognized by the gong

that six quarters, two dimes and two nickels had been deposited.

The employees of the telephone company testified that a celluloid strip could be inserted underneath the housing, which would result in dropping what is known as the relay trigger, causing the money to be returned through the refund box instead of going into the collection box.

The testimony was closed, arguments made, and the court then adjourned until the next day. When court convened, the foreman of the jury stated that the jury would like to be shown how this alleged scheme could be worked. By agreement of both sides, an employee of the telephone company gave a demonstration of the alleged method used by the defendant, which resulted in returning the money to the refund receptacle. Counsel for defendant thereupon advised his client to plead guilty, and accordingly his counsel withdrew the plea of not guilty and entered a plea of guilty. The defendant protested this action and stated to the court that he refused to plead guilty. The judge then charged the jury.

The defendant contends (1) that he was convicted solely on circumstantial evidence, and that the trial judge insufficiently explained the law pertaining thereto; (2) that the trial judge failed in his charge to caution the jury to disregard the change of the plea by defendant's counsel of not guilty to one of guilty.

The defendant's contention as to the insufficiency of the charge to the jury in regard to circumstantial evidence would be entitled to more serious consideration if the Commonwealth's case had rested alone on that character of evidence. But the Commonwealth did not depend entirely upon circumstantial evidence. There was direct evidence of a convincing nature pointing to the defendant's guilt. In the course of his charge the learned court below stated to the jury, as follows: "To

sustain a conviction on an indictment where there is no direct evidence to establish the connection of the defendant with the crime, circumstantial evidence must be sufficient to implicate the accused in the offense and this must be something more than evidence showing remote connection. That which merely raises a suspicion of guilty intention would not be sufficient in itself to convict, but you have here the testimony, as I have recited it to you; you have this man in the booth positively identified; you have Mr. Kramer [the drug store proprietor] who is familiar with the sound of that instrument, telling you that on different occasions he came in and made long distance calls; you have the two officers of the telephone company who were there during a long distance call, and you have the record of the call that this man said he made November 6th, and heard him make the call. They said their watch at the time was 4:24, while the record in the central office was 4:23, a long distance call made at that time. He admits making long distance calls to this number in Philadelphia and the central tells us then there was a deposit in that box of six quarters and ten cent piece and a nickel, [and in addition a government charge of fifteen cents] and when the box was opened on that day no such money was in there." In view of the character of evidence offered by the Commonwealth, we think there can be no just criticism as to the sufficiency of the court's charge.

Nor do we find merit in the second argument advanced by counsel. True, the trial judge did not warn the jury to disregard the episode respecting the change in the plea, but he did state: "Counsel has indicated on the record he wished to enter a plea of guilty for this defendant but the defendant refused to accept that. It is for you to determine whether this man is guilty of the charge." But, taking the charge as a whole, it is clear that the jury was instructed that it

was their duty to determine the guilt or innocence of the defendant from the evidence adduced. It can not be fairly concluded that the court instructed the jury to consider, or that it actually did include in its deliberations, the action of defendant's counsel in changing the plea. No request was made by the defendant for further instructions in an attempt to correct the alleged insufficiency of the charge, and no motion was made at any time to withdraw a juror or to continue the case. The change of the plea by counsel was not part of the evidence, but the incident took place in the presence of the jury, and the judge in referring to it gave them no further information than they already possessed.

Considering all the evidence, we find that the verdict was amply justified.

Judgment of the learned court below is affirmed, and it is ordered that the defendant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.