## Commonwealth, Appellant, *v.* Dolan et al.
## Commonwealth, Appellant, *v.* DeLenko.
## Commonwealth, Appellant, *v.* Sandman.

454

Argued April 10, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Louis L. Kaufman,* with him *Geo. F. P. Langfitt,* Assistant District Attorneys, and *Russell H. Adams,* District Attorney, for appellant.

*Harry A. Estep,* with him *Barney Cohen,* for appellees.

OPINION BY HIRT, J., July 28, 1944:

Marie Dolan was charged with maintaining a disorderly house and using it for the purpose of prostitution. Marge DeLenko and Charlotte Sandman were each charged with committing prostitution in the same building. The three were indicted under §512 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS 4512. The cases, over the objection of defendants, were tried together and each of the defendants was found guilty as indicted. On their motions new trials were granted, the trial judge dissenting. The Commonwealth's appeals from these orders will be dismissed.

We need not discuss the broad question whether the Commonwealth, under any circumstances, may appeal from an order granting a new trial in a criminal case. *Com. v. Simpson,* 310 Pa. 380, 165 A. 498 is relied upon as recognizing the right in "a liberalizing of the attitude towards the Commonwealth" by way of compensation for the "wide latitude allowed those convicted of crime to appeal and have their convictions reviewed." At most, appeals by the Commonwealth are sanctioned only where the ruling is against the Commonwealth on pure questions of law and no issues of fact are involved. The appeals in these cases do not come within that class. Three questions of law are referred to by the court in banc but the judges, as indicated by the majority opinion, did not agree on any one of them as

controlling. The opinion states: "Although we are not in entire accord on the grounds on which our decision is based, we are agreed that a new trial of the several issues involved is demanded in the interest of justice." It thus appears that new trials were granted not on questions of law, but upon a general discretion in the interest of justice. Even in a civil case an appeal does not lie where a new trial has been granted in the exercise of a general discretion. *Weinfeld v. Funk*, 342 Pa. 160, 20 A. 2d 206. The Commonwealth had no right of appeal in these cases.

Since the cases must be retried, we may refer to the testimony and state our view of the law as applied to the questions on which the judges of the court in banc were not in entire accord.

Some years before the offenses charged in the indictments, Marie Dolan bought a roadside inn in the Borough of Brentwood in Allegheny County then known as "Green Gables." She testified that her investment on purchase of the land and remodeling the building was about $25,000. She changed the name to "Club 51", obtained a hotel liquor license, and conducted a profitable restaurant business on the premises. She was constantly in attendance (usually stationed at the cash register) actively directing the conduct of the business. On the first floor there were a bar and dining rooms with facilities for serving as many as 125 persons. Floor shows were provided during the evening. The restaurant was patronized by many respectable people, attracted by the excellent food. There was no criticism of the character of the floor shows nor of the conduct of the business in general. On the second floor there were bed rooms and a private dining room; there were other bed rooms on the third floor.

A number of residents in the neighborhood suspected that Marie Dolan was violating the law, and the district attorney was induced to make an investigation.

Through him two State Police officers in plain clothes made many visits to the place, spending the county's money for entertainment, in the guise of guests. Although a number of those living in the neighborhood testified in this case that defendant's establishment had the reputation of a bawdy house, what the police officers were directed to investigate was whether gambling was conducted on the premises. They found no evidence of gambling.

Marge DeLenko was the hat check girl. One of the police officers testified that she invited him to go upstairs for the purpose of prostitution on one occasion. She did not name a price but indicated that she expected to be paid. The other officer testified to a similar invitation from her addressed to him. She, according to their testimony, referred them to Wagner the head waiter for the use of a room, who told them that a bed room would be available for the purpose for a charge of $3. One of the officers observed Wagner making out a bill for the use of a bed room by another guest, abbreviated as follows: "1-R. $3.00." Marie Dolan was stationed nearby but could not have heard the conversation of the police officers with Wagner or with the girl. Neither officer accepted the invitation. Marie Dolan on different occasions was seen escorting a man to an upper floor and returning alone. The officers observed no other improper conduct on the premises but at the time of the raid found the defendant Charlotte Sandman sitting in a room on the second floor, and a couple in bed on the third floor. They were married persons but were not married to each other.

No direct evidence was produced against Charlotte Sandman. Testimony of admissions made by her was to the effect that she entered the inn each night by a rear door and went directly to the second floor. There she waited for men sent to her from the restaurant on the first floor. She had sexual intercourse with these

men in one of the bed rooms for a price. She and the DeLenko girl were taken into custody in the raid by county detectives and the State police officers, shortly after midnight on December 5, 1942, and were conveyed to the district attorney's office where they were detained for about 20 hours. They were not ill treated except possibly by a wearing down process ending in typewritten confessions signed by them. At the trial of these cases the written confession of each was excluded for the reason that it implicated others in violations of law. The court however permitted oral testimony from those who were present as to some, but not all, of the statements made by these defendants in confessing their guilt. Such testimony is not inadmissible though the confession is later reduced to writing. *Commonwealth v. Brandler,* 81 Pa. Superior Ct. 585. But the written confessions signed by two of these defendants should have been received in evidence. A written statement has no higher evidentiary value than an oral confession "but where it has been reduced to writing it has a tendency to be regarded in a more trustworthy light than an oral statement and its weight must be judged in proportion to the solemnity of its character": *Commonwealth v. Insano,* 268 Pa. 1, 110 A. 248. It is no objection to the *admissibility* of a confession that it implicates other defendants. It is admissible as a whole. The applicability of a confession of course is limited to the particular defendant who made it and the trial judge should be clear in his instructions to the jury to that effect. *Com. v. Parker,* 294 Pa. 144, 143 A. 904 [1]; *Com. v. Berman,* 119

[1] In the *Parker* case four defendants were jointly indicted on a charge of murder. They were tried together and all were found guilty of murder in the first degree. We have examined the original record. Each defendant had signed a confession which, over objection, was received in evidence, though limited in each case to the defendant who made it. Three of the confessions re-

Pa. Superior Ct. 315, 181 A. 244. On retrial of these cases if the judge, with advance knowledge of the contents of the confessions, believes that other defendants will be prejudiced by the admission of either confession the procedure is not the exclusion of the statement as evidence, but separate trials of these defendants. Consolidation of related cases for trial is the generally accepted practice and it does not necessarily follow that these defendants must be tried separately because of the nature of the confessions. Whether prejudice can be nullified by proper instructions to the jury is a question for the trial judge in the exercise of a sound discretion. *Com. v. Quinn*, 144 Pa. Superior Ct. 400, 19 A. 2d 526.

A district attorney may conduct an investigation and secure evidence himself or through his assistants or county detectives. And the confessions of these defendants were not rendered inadmissible merely because obtained by the district attorney or his assistants (*Com. v. Spardute*, 278 Pa. 37, 122 A. 161) through protracted questioning, if the statements in reality were voluntarily made. *Com. v. James*, 294 Pa. 156, 143 A. 910; *Com. v. Cavalier*, 284 Pa. 311, 131 A. 229; *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351. The defendant Charlotte Sandman did not take the stand and there was no evidence of threats, coercion, or other improper conduct which induced her to make the confession. Marge DeLenko denied that she confessed her guilt. She admitted that she signed the statement but said that she was so tired that she signed what was put before her to end the questioning so that she could go home. Even if so, that will not affect the *admissibility* of her written confession; such testimony, at

ferred to other crimes and each of the four confessions implicated the three other defendants in the commission of the murder. Nevertheless each of the confessions was admitted as a whole. In this, the Supreme Court found no error.

most, will raise an issue for the jury as to whether her statements in fact were voluntarily made. *Com. v. Lockard,* 325 Pa. 56, 188 A. 755.

On charges of keeping a disorderly house or using it for the purpose of prostitution the bad reputation of the house, in these respects, is competent evidence against the proprietress. *Commonwealth v. Mueller,* 153 Pa. Superior Ct. 524, 34 A. 2d 321. Bad reputation was specifically made competent evidence of guilt in such cases by §512 of the Criminal Code, supra. It is also proper on these charges to prove what occurred in the rooms of the house, e. g., "That lewd women resorted to the house, and that the women were guilty of indecent solicitation in those public rooms, this for the purpose of showing the character of the house. The fact that the proprietress of the house was not present in the room when the lewd conversation was carried on does not render such testimony incompetent": *Com. v. Butler,* 82 Pa. Superior Ct. 390; Cf. *Commonwealth v. Smith,* 89 Pa. Superior Ct. 190. Marge DeLenko's offers to commit prostitution on the premises were evidence not only against her but on the charges against Marie Dolan as well. The conversation of the police officer with Wagner, the head waiter, also was competent evidence against Marie Dolan, on the same principle. Wagner, according to the testimony, assigned bed rooms to guests for immoral purposes. What he said and did in providing the facilities for prostitution on the premises is evidence of the character of the house.

The evidence against Marie Dolan was circumstantial. The failure of the trial judge to instruct the jury on the law applicable to circumstantial evidence however was not error (*Commonwealth v. Appel,* 115 Pa. Superior Ct. 496, 176 A. 44) in the absence of a specific request to so charge. *Com. v. Myers,* 131 Pa. Superior Ct. 258, 200 A. 143. On a retrial of these cases proper

instructions as to the character of circumstantial evidence and its necessary weight, to work a conviction, may be helpful to the jury.

In the trial of these cases we find no reversible error. There are a number of considerations however which collectively moved the court to grant new trials, in the interest of justice. Cf. *Reese v. Pittsburgh Rys. Co.,* 336 Pa. 299, 9 A. 2d 394. The assignments do not charge the court with abuse of discretion.

Appeals dismissed.