## Brothers Estates.

Argued October 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Walter E. Glass,* with him *William A. McGuire,* for appellant.

*H. G. Berkhouse* and *Claude B. Shattuck,* submitted a brief for appellee.

294

OPINION BY RENO, J., December 13, 1944:

These appeals bring up for review the estates of two brothers, John F. Brothers (No. 103) and A. P. Brothers (No. 104). Appellant is the daughter of A. P. Brothers and the niece of John F. Brothers. Appellee is the administrator d. b. n. of John F. Brothers and executor of A. P. Brothers. He filed final and distribution accounts in both estates and, after they had been finally confirmed, appellant, who was not included among the distributees, petitioned the court below to vacate the orders of confirmation, open the accounts and decree distribution according to law. She appealed from the decrees discharging the rules issued upon her petition.

A. P. Brothers, a widower, died February 16, 1938, testate, and by his will dated February 13, 1938, he disposed of his estate, without provision for his daughter. Part of his estate consisted of money, $1,267.08, distributed to his executor out of the estate of John F. Brothers, who died intestate on November 14, 1937, survived by his brother, A. P. Brothers, a sister, and the children of five deceased brothers and sisters.

Appellant contends that since her father was dead on March 30, 1939, when the distribution of John F. Brothers' estate was finally confirmed, her father's estate was not entitled to the distributive share and that, as the only child of her father, she was entitled to take by representation her father's share in his brother's estate. Her basic premise is that title to personal property of an intestate vests in his administrator, and she takes the novel stand that the rights of an heir to a distributive share are fixed as of the time of distribution and not of the time of the intestate's death.

The contention is patently unsound. The rights of distributees of the personal property of an intestate vest immediately upon his death, subject only to the

satisfaction of debts and charges, and administration according to law. If an administrator is appointed, he holds the legal title, but in trust for the purpose of administering the estate. The rights of the distributees are fixed at the instant of death. This is the clear and undeviating doctrine of all our cases. *Roberts v. Messinger*, 134 Pa. 298, 19 A. 625; *McLean's Executors v. Wade*, 53 Pa. 146; *Walworth v. Abel*, 52 Pa. 370; *Norristown Trust Co. v. Lentz*, 21 Montg. 180, affirmed in 30 Pa. Superior Ct. 408.

Appellant's further contention that the residuary clause of A. P. Brothers' will did not dispose of his interest in his brother's estate, calls for only brief comment. The clause is: "The balance of my estate I divide equally between" certain persons. The will was executed after the death of his brother, John. The form of a residuary clause is not important if it manifests an intent to bequeath the entire remaining estate. The words, "the entire balance of my estate" have been held to be equivalent to "residue": *Taylor's Est.*, 239 Pa. 153, 163, 86 A. 708. The purpose of a residuary clause is to pass the whole estate and to prevent any part of it from coming under the intestate laws, and it must be construed to accomplish that purpose. *Fuller's Est.*, 225 Pa. 626, 74 A. 623. Hence, this residuary clause validly bequeathed testator's vested interest in his brother's estate to his residuary legatees. And, the rule that an heir is not to be disinherited except as the result of express words or necessary implication is of the same force and effect, but no greater, than that a testator will be presumed to avoid an intestacy as to any part of his estate. *Lippincott's Est.*, 276 Pa. 283, 120 A. 136. Clearly her father did not intend that appellant should take any part of his estate, and no rule of construction can give her what her father obviously withheld.

Decrees affirmed at appellant's costs.