Commonwealth *v.* Shadduck, Appellant.

Argued November 22, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Charles F. G. Smith,* for appellants.

*C. Wayne Smyth,* District Attorney, for appellee.

PER CURIAM, January 12, 1951:

These are appeals by four defendants convicted of perjury. Their cases were consolidated for trial with their consent and they were well defended by competent counsel in the court below. Defendants Donald Shadduck and Charles Shadduck were sentenced to terms of imprisonment; the other two were placed on probation. They all subsequently engaged present counsel who in these appeals contends that these defendants are entitled to new trials, with a change of venue, because of fundamental error in the course of the trial amounting to a denial of due process.

The same circumstances gave rise to the charge of perjury against each of these appellants, as well as in the case of *Commonwealth v. Ralph Shadduck* who was found guilty by another jury in a separate trial. Donald Shadduck had been convicted in a prior prosecution in the same county on a charge of assault and battery upon a police officer. After serving a part of the sentence imposed following that conviction, he was paroled. On February 22, 1949, the day after he was released from jail on parole he went to the school house in the village of Shunk in Sullivan County and there threatened a school teacher with serious bodily harm. At a hearing before Judge ROSENFIELD on a rule to revoke his parole, Donald Shadduck and all of the other present appellants attempted to impose on the court by testifying that it was Ralph Shadduck who went to the Shunk School and not Donald. Ralph also so testified. There is a physical resemblance between the two, but witnesses, who knew both of them well, identified Donald as the one who had made the threats. These charges of perjury are based on the false testimony of these appellants given under oath in that judicial proceeding.

Some of the matters raised in these appeals, by counsel in his statement of questions involved, are not relevant to the charge of lack of due process, and in any view there is no merit in any of them. The failure of Judge ROSENFIELD, on the above hearing before him, to believe Donald Shadduck, his two brothers, his sister, his father, another relative and a friend, against the testimony of two school teachers, who identified Donald positively as the aggressor, has no bearing on the appeals in these cases. Cf. *Commonwealth v. Haimbach,* 151 Pa. Superior Ct. 581, 584, 30 A. 2d 653. On the merits, although also irrelevant, it may be noted that the jury in the present trial of these appellants also ignored the testimony of the same defense wit-

nesses and believed the testimony of disinterested witnesses for the Commonwealth, corroborated as it is in some material respects. The weight of testimony does not depend upon numbers of witnesses but upon their credibility. *Braunschweiger et al. v. Waits,* 179 Pa. 47, 36 A. 155. The hearing judge in the first instance, and the jury in the trial of these cases, properly decided the factual issues. The credible testimony convicted the defendants beyond all reasonable doubt.

Moreover the appellants' rights were not invaded by the adverse comment of the district attorney on the failure of the defendants to call Ralph Shadduck as a witness on their behalf. Although tried and convicted of perjury, he had not been sentenced. He therefore was not disqualified from testifying and he was available as a witness. *Commonwealth v. Billingsley,* 160 Pa. Superior Ct. 140, 50 A. 2d 703. Accordingly the jury were justified in inferring, as argued, that his testimony if honestly given, would not favor the defendants. *Dommes v. Zuroski,* 350 Pa. 206, 38 A. 2d 73.

The trial judge recalled the jury in the midst of their deliberations, about two hours after submitting the case to them, to give them the single additional instruction that their "verdict should be unanimous". The record does not affirmatively show that the defendants and their counsel were in court at the time. However, the defendants, who were on bail, were bound to remain in the court room during a recess of the court. *Lynch v. Commonwealth,* 88 Pa. 189. The presumption is, and we may assume, that all of the defendants were present. Cf. *Holmes v. The Commonwealth,* 25 Pa. 221. But regardless of the fact of their actual presence, the instruction was in their favor. It cannot be construed as appellants' counsel contends as coercion on the jury to convict. Accordingly the defendants were not harmed

by it and therefore may not complain. *Commonwealth v. Kelly*, 292 Pa. 418, 141 A. 246.

Lastly, the defendants were not denied due process by the court's refusal of their petition, prior to trial, for a change of venue. The granting or refusal of an application for a change of venue is largely a matter within the sound discretion of the trial court and unless that discretion is abused, its action will not be disturbed. *Commonwealth v. Simmons*, 361 Pa. 391, 397, 65 A. 2d 353; *Commonwealth v. Skawinski*, 313 Pa. 453, 169 A. 895. There was no difficulty in selecting a jury in this case; it is admitted that the defendants did not exhaust their challenges. So far as this record discloses, the newspaper publicity was factual. And the court, in a proper exercise of its discretion, did not consider the testimony of community prejudice against the Shadduck family in one section of the county serious enough to justify a change of venue. There is nothing in this record suggesting the existence of such passion or prejudice as would prevent any jury from rendering a true verdict. Cf. *Commonwealth v. March*, 248 Pa. 434, 94 A. 142.

Contrary to appellants' contentions the record in this case demonstrates that their rights were respected in a trial that was fair and impartial in every respect.

Judgments affirmed.