## Commonwealth v. Sliko

Clarence E. Davis, for Commonwealth.

Samuel R. Di Francesco, for defendant.

GRIFFITH, J., July 26, 1955.—Defendant, Stanley Sliko, was convicted by a jury on a bill of indictment in which he was charged with the larceny of $6,720, being "the property of Catherine Sliko Estate".

The testimony showed that Catherine Sliko died intestate on August 23, 1954, leaving to survive her a son, the defendant, and eight other children as her heirs and that another son, John Sliko, was appointed

her administrator on October 27, 1954. Two sons, Joseph and Victor, testified that the night of their mother's death they, in the presence of defendant and Florence, a daughter, who resided with her mother, opened her strong box which was found in the home and saw packages of money containing more than $6,000. Florence and defendant said the box was opened in their presence but that they did not count the money.

Florence testified that on August 27th Stanley came to the home alone and suggested that they count the money, which they did, and found $6,720, that Stanley spent the night, that she went to Johnstown the next morning and upon her return the box and its contents were missing and that Stanley returned the box without the money on September 27th.

Defendant denied Florence's testimony as to the happenings on August 27th and testified that on Sunday, August 29th, Florence suggested that he take the box to his home for safekeeping, that he left the home and returned with his brother, Constantine, that Florence had already opened the box, that there was but $1,500 in the box, that this amount was counted by himself and Constantine, who corroborated him, that he gave $100 to Florence for expenses and paid debts of his mother's estate with the balance.

The Criminal Code of June 24, 1939, P. L. 872, sec. 807, 18 PS §4807, does not define larceny so the common law definition applies in Pennsylvania: Com. v. Doran, 145 Pa. Superior Ct. 173, 174. Larceny is " 'the felonious taking and carrying away of the personal goods of another' ": Thomas v. Kessler et al., 334 Pa. 7, 9; Com. v. Quinn, 144 Pa. Superior Ct. 400, 406. In our opinion, defendant did not take "the personal goods of another" and hence cannot be guilty of the crime of larceny.

Stanley Sliko was one of the nine children of the intestate, as was his sister, Florence. Although an

administrator was not appointed until two months after the date the larceny is alleged to have occurred legal title to the intestate's personal property passed at her death to her administrator as of the date of her death.[1]

However, the rights of the heirs to the intestate's personal property vested immediately upon her death subject only to the legal title given to the administrator for the purpose of administration and distribution, the beneficial interest remaining in the heirs.[2] The fact that, upon his appointment, the legal title of the administrator related back to the date of the intestate's death in no way affected the legality of the possession of the heirs in the interim.[3] During this period each heir, as a coöwner of the intestate's personalty, had the right to possession and the possession of any one of them was the possession of all. Therefore, if defendant, as one of the heirs, took money left by his ancestor from the possession of another of the heirs, he took something in which he had an undivided interest and consequently did not take "the personal goods

---

[1] "Legal title to all personal estate of a decedent shall pass at his death to his personal representative, if any, as of the date of his death": Act of April 18, 1949, P. L. 512, sec. 103; 20 PS §320.103. "[this section] is declaratory of existing case law": Comment 20 PS §320.103; and is the rule followed in most jurisdictions: 21 Am. Jur. 536.

[2] "The rights of distributees of the personal property of an intestate vest immediately upon his death, subject only to the satisfaction of debts and charges, and administration according to law. If an administrator is appointed, he holds the legal title, but in trust for the purpose of administering the estate": Brothers Estates, 156 Pa. Superior Ct. 292, 294, 295. This is the general rule: 16 Am. Jur. 787.

[3] "However, in any event, the title of the representative relates back to the death of decedent, although it does not render the intervening possession of the heirs wrongful": 33 C. J. S. 1344.

of another" and cannot be guilty of the crime of larceny.[4]

Defendant's motion in arrest of judgment must be sustained and defendant discharged.

The administrator is not without a remedy.[5]

---

[4] "The principle that larceny is not predicable upon a good-faith taking under claim of right also applies in the case of one acting under the belief that he is a part owner of the property taken": 32 Am. Jur. 938.

"Property of which the taker is a part owner is not ordinarily regarded as property of another so as to render the taker guilty of larceny, unless the person from whom he takes it has the right to its exclusive possession at the time. Hence a partner cannot steal partnership property, joint owners and tenants in common cannot steal from each other": 32 Am. Jur. 954.

"One who owns personal property jointly with another ordinarily has the same right of possession as the coöwner, and therefore he cannot, as a general rule, commit larceny in respect of such goods": 52 C. J. S. 834.

"A part owner of property cannot be convicted for theft of it unless the person from whom he took it was entitled to the exclusive possession of it at the time of the taking: Fairy v. State, 18 Tex. App. 314": 88 Am. St. Reports 596.

Under the common law, a partner cannot be convicted of larceny of partnership property which he has appropriated to his own use because each owns an undivided interest in all the partnership property so that none of said property can be "the property of another": See 169 A. L. R. 372.

"It has been said that the only mode by which one of several coöwners can obtain possession of personal property from another, except by consent of the latter, is by taking possession when he finds a fit opportunity to do so": 14 Am. Jur. 95.

"A part owner or partner is not guilty of larceny by taking the joint or partnership property from the other; each owns an undivided interest in the property, and there is in fact no taking": Roberson's New Criminal Law & Procedure, sec. 813, p. 1021.

[5] "When there are joint tenants or tenants in common of a personal chattel, and one of them carries away and disposes of it, this is no larceny; there is, in fact, no taking for he is already in possession; it is merely the subject of an action account, or bill in equity": Wharton's Criminal Law, sec. 1162.

It is not disputed that the money in question was in the possession of Catherine Sliko at the time of her death. The orphans' court has exclusive jurisdiction to determine title "to personal property . . . alleged by the personal representative to have been in the possession of the decedent at the time of his death": Act of August 10, 1951, P. L. 1163, sec. 301(13), 20 PS §2080.301(13). The orphans' court has ample power to enforce its decrees by attachment of the person or otherwise.

Defendant suggests that the indictment contains a defect of substance in that it laid the ownership of the money in the "Catherine Sliko Estate" rather than in the personal representative: Com. v. Kugler, 2 D. & C. 514; Com. v. Kashinski, 52 D. & C. 342; 27 Am. Jur. 650; 32 Am. Jur. 1026; L. R. A. 1916 E. 785. Whether the admitted defect of alleging title in a dead person is a defect of substance may well be doubted in view of Com. v. Speiser, 79 Pa. Superior Ct. 469, but this matter need not be determined here.

At the oral argument defendant contended that the failure of the trial judge to instruct the jury on circumstantial evidence was fundamental error and should result in a new trial even though no request was made for such instruction. This question was considered in Com. v. Dolan et al., 155 Pa. Superior Ct. 453, 460, and the court said:

"The evidence against Marie Dolan was circumstantial. The failure of the trial judge to instruct the jury on the law applicable to circumstantial evidence however was not error (Commonwealth v. Appel, 115 Pa. Superior Ct., 496, 176 A. 44) in the absence of a specific request to so charge. Com. v. Myers, 131 Pa. Superior Ct. 258, 200 A. 143."

However, the conclusions we reached above require us to enter the following

### Decree

And now, July 26, 1955, after argument, and upon due consideration, defendant's motion in arrest of judgment is sustained and defendant is discharged.

### Exception

To all of which counsel for the Commonwealth excepts and prays that an exception be noted and bill sealed, all of which is, the day and year aforesaid, accordingly done.