**UNITED STATES of America ex rel.
Michael MILLER**

v.

**Alfred T. RUNDLE.**

Misc. No. 3578.

United States District Court
E. D. Pennsylvania.
June 30, 1967.

Michael Miller pro se.
No appearance for respondent.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Relator has applied for a writ of habeas corpus. He contends that he has been denied due process and equal protection of the laws by the failure of the Montgomery County District Attorney to prosecute a co-conspirator for perjury. The application will be denied.

The facts advanced in support of relator's contention, taken from his petition, will be accepted as correct. They can be briefly summarized. William Calvin Knisely, who admitted to being a

fellow participant in the crime committed by relator, was called by the Commonwealth at relator's trial. Knisely's testimony was instrumental in implicating relator. At an earlier trial, Knisely perjured himself, openly admitting his perjury to the court at that time. Prior to relator's trial Knisely had been charged with perjury, but was not indicted, since the District Attorney refused to present any incriminating evidence to the Montgomery County grand jury. The core of relator's argument runs as follows: had Knisely been indicted, tried, convicted and sentenced for perjury, Knisely would have been disqualified from testifying at relator's trial, under the provisions of the Pennsylvania Criminal Code and Code of Criminal Procedure which provide that a convicted perjurer is disqualified from testifying at any criminal trial. 18 P.S. § 4322; 19 P.S. § 682. Relator concludes that the District Attorney had "ulterior" motives in not presenting evidence to the grand jury—he did not want to disqualify his key witness from being able to testify at relator's trial. Upon this failure to prosecute Knisely, relator claims a denial of equal protection of the laws and due process.

■ Traditionally, a denial of equal protection of the laws can occur when statutes, such as the Pennsylvania perjurer disqualification statutes, while valid on their face, are administered

&ast; &ast; &ast; in actual operation &ast; &ast; &ast; so exclusively against a particular class of persons as to warrant and require the conclusion, that &ast; &ast; &ast; they are applied by the public authorities charged with their administration &ast; &ast; &ast; with a mind so unequal and oppressive as to amount to a practical denial by the state of that equal protection of the laws which is secured &ast; &ast; &ast; by &ast; &ast; &ast; the fourteenth amendment &ast; &ast; &ast;. Yick Wo v. Hopkins, 118 U.S. 356, 373, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886).

The rationale of the *Yick Wo* case has been extended to situations involving the nonuniform enforcement of a statute, when such is combined with a demonstration of purposeful or malicious discrimination. See generally, United States ex rel. Plue v. Cummings, 224 F.2d 276 (2d Cir. 1955); Moss v. Hornig, 214 F.Supp. 324, 330 (D.Conn.1962). Relator's claim of nonuniform enforcement is not to be confused with the typical situation where a defendant claims that his conviction cannot stand, since other parties, engaged in what appears to be similar illegal conduct, have escaped prosecution because of alleged nonuniform enforcement. Cf., United States v. Palermo, 152 F.Supp. 825 (E.D.Pa. 1957). Here, relator appears to be claiming that the perjurer disqualification statutes extend to him a form of insulation or protection, since had Knisely been convicted of perjury and sentenced, he could not have testified at relator's trial. Relator has not made out a claim that indicates a violation of his right to equal protection.

■ Initially, relator is claiming a broader protection than has been afforded defendants under the Pennsylvania perjurer disqualification statutes. The Pennsylvania courts have so narrowly construed the scope of these statutes, that a witness, although tried and convicted of perjury, but not yet sentenced, is fully competent to testify at a criminal trial in Pennsylvania until such a time as he is sentenced. Commonwealth v. Miller, 6 Pa.Super. 35 (1897); Commonwealth v. Lewandowski, 74 Pa.Super. 512 (1920); Commonwealth v. Shadduck, 168 Pa.Super. 376, 77 A.2d 673 (1951); Commonwealth v. Bartell, 184 Pa.Super. 528, 136 A.2d 166 (1957). As a consequence, relator cannot claim denial of equal protection if the protections did not accrue.

■ The only possible ground for a denial of equal protection remaining could be that there was some form of duty on the prosecutor to prosecute Knisely or that the attempt to insulate Knisely from perjury prosecution and subsequent disqualification is a form of malicious discrimination under the Fourteenth Amendment. Neither position is

tenable. There is no direct compulsion on the District Attorney to prosecute every alleged offender. Rather, the decision to prosecute or not to prosecute is within the discretion of the district attorney. See generally, United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965); Commonwealth v. Bauder, 188 Pa.Super. 424, 145 A.2d 915 (1958). Nor does the choice not to prosecute a perjurer who is about to turn state's evidence fall within the ambit of the invidious and malicious discrimination banned by the equal protection clause of the Fourteenth Amendment. Saunders v. Lowry, 58 F.2d 158, 159 (5th Cir. 1932).

Finally, the failure to have an alleged perjurer disqualified, in the factual situation of the present case, works no hardship on the relator of a due process dimension.

Relator's request for a writ of habeas corpus denied.

And it is so ordered.