Commonwealth *v.* Holloway, Appellant.
Commonwealth *v.* Young, Appellant.

Argued November 16, 1967.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*James C. Buckley,* with him *Reed, Gibbons & Buck-
ley,* for appellant.

*Melvin E. Caine,* with him *Caine & DiPasqua,* for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *John R. Graham,* First Assistant District Attorney, and *Paul R. Sand,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 16, 1968:

After a joint trial in Delaware County Emmett Young, Pete Holloway and Thomas Lee Adams were convicted by a jury of the crimes of larceny, conspiracy and receiving stolen goods. Post-trial motions were dismissed and each defendant was sentenced to imprisonment for a term of two to four years on the larceny and receiving convictions. Sentence was suspended on the conspiracy conviction. Young and Holloway filed appeals in the Superior Court,[1] which affirmed the judgments of sentence on the vote of an equally divided court. We granted allocatur.

The defendants were charged with feloniously conspiring to take from and with stealing from the business premises of their employer six large coils of nickel wire. In the course of the trial, a fellow employee testified concerning conversations he had with the defendant Adams who told him that he was to share the proceeds of the stolen wire with Young and Holloway and that they had "double-crossed" him by stealing six instead of four coils. These particular statements of Adams were made in the absence of both Young and Holloway and after these last mentioned defendants had been taken into custody by the police. This evidence was specifically introduced by the district attorney against Adams only.

---

[1] Adams did not appeal.

If a person conspires with others to do an unlawful act, each represents the other with respect to the act to be accomplished and everything said or done by any of them in the furtherance of and during the continuance of the common purpose is evidence against all, *Commonwealth v. Wilson,* 394 Pa. 588, 148 A. 2d 234 (1959) ; *Commonwealth v. Spardute,* 278 Pa. 37, 122 A. 161 (1923) ; *Commonwealth v. Biddle,* 200 Pa. 640, 50 A. 262 (1901) ; *Lowe v. Dalrymple,* 117 Pa. 564, 12 A. 567 (1888) ; *Commonwealth v. Evans,* 190 Pa. Superior Ct. 179, 154 A. 2d 57 (1959) ; affirmed, 399 Pa. 387, 160 A. 2d 407 (per curiam), cert. denied, 364 U.S. 899, 81 S. Ct. 233 (1960). However, if the common enterprise is at an end, either by accomplishment or abandonment, evidence of the declarations or acts of one of the conspirators in the absence of the others is admissible only against the one incriminating himself. *Commonwealth v. Epps,* 298 Pa. 377, 148 A. 523 (1930) ; *Commonwealth v. Dolan,* 155 Pa. Superior Ct. 453, 38 A. 2d 497 (1944) ; *Commonwealth v. Berman,* 119 Pa. Superior Ct. 315, 181 A. 244 (1935). And while evidence limited to the question of the guilt of one of the conspirators may be admitted at a joint trial even though it refers to or implicates the others, the trial court must clearly instruct the jury as to the limited purpose and effect thereof. *Commonwealth v. Evans,* supra, and *Commonwealth v. Dolan,* supra. Compare *Commonwealth v. Vento,* 410 Pa. 350, 189 A. 2d 161 (1963). The acts and declarations of one of the conspirators under such circumstances are not competent to establish the guilt of the others and the jury must so understand. Fundamental fairness demands no less.

In the instant case while evidence of Adams' incriminating admissions, as before related, was introduced by the Commonwealth and admitted by the court

for the limited purpose of establishing the guilt of Adams only, the trial judge did not explain to or instruct the jury as to the limited purpose thereof either during the charge or at the time the evidence was admitted. This was so prejudicial that a new trial is required. While there was other evidence ample to support the guilt of those charged, we cannot subscribe to the Commonwealth's position that the error was harmless.

The order of the Superior Court and the judgments of the Court of Quarter Sessions of Delaware County are reversed and a new trial is ordered.