## Commonwealth v. Staub

*Oscar F. Spicer*, District Attorney, for plaintiff.
*Samuel Kent Gates*, for defendant.

MacPHAIL, P. J., April 27, 1972.—In this case, defendant stands charged with the crimes of fornication and bastardy: Act of June 24, 1939, P.L. 872, sec. 506, 18 PS §4506. A preliminary hearing has been held and

defendant bound over for court. The charges have not yet been presented to the Adams County grand jury. Defendant has filed an application for relief, presumably under Pennsylvania Rule of Criminal Procedure 304, asking for a "joinder of defendants" and a continuance and also moving to quash the indictment.

Defendant alleges that the district attorney has refused to permit the issuing authority to accept charges of fornication and bastardy against the prosecutrix, that the prosecutrix should be so charged and that both cases should then be joined for trial; otherwise defendant will be prejudiced. If the court grants the "joinder," defendant then requests a continuance until the action can proceed against both defendants in one trial.

There are practical reasons why defendant's application for relief cannot be granted. However, some novel questions are raised by his pleading. The Commonwealth's answer to the application admits that the district attorney's office did advise the issuing authority to refuse a complaint against the prosecutrix. While the district attorney's office may, and sometimes must, render advice to the minor judiciary from time to time, that advice is not always binding upon the inquirer. The minor judiciary now operates under comprehensive rules of procedure which they are bound to follow, notwithstanding any advice they may receive from others, including those in authority. Pennsylvania Rule of Criminal Procedure 106 is pertinent to the matter now before us. Under that rule, the justice of the peace has the right to refuse a complaint if he finds that it has not been properly completed and executed or that the affiant is not a responsible person or that there is no probable cause for the issuance of the process. Although the rule provides no guidance for the justice of the peace who refuses to accept a complaint

for any of the specified reasons, presumably he would make his finding on the record and the complainant could then pursue available remedies.

Here, we do not have that situation and there is no action the court can take at this point to resolve the matter. It is neither our province nor our duty to instruct the district attorney to file such charges. On the other hand, this matter has not reached the stage where the district attorney has the authority to determine whether or not it should be pursued. See United States ex rel. Miller v. Rundle, 270 F. Supp. 55 (1967). At this stage, that decision is for the justice of the peace. We do hold that a justice of the peace cannot refuse a criminal complaint solely because the district attorney may have instructed him to do so. Rather, the complaint should be accepted by the justice of the peace and action taken on it by him in accord with the provisions of Rule of Criminal Procedure No. 106.

The statutory language for the crime of fornication contemplates that an action may be brought against the female as well as the male involved. However, serious questions are raised where "counter suits" are instituted in criminal actions. Fortunately, we do not have to face those questions at this time because the prosecutrix has not yet been charged with fornication or fornication and bastardy. However, if she is so charged, we will now advise defendant that the two cases will *not* be joined. It has already been determined in an adultery case where both the male and female principals were charged with that offense that the two principals could not be tried jointly because each offense was a complete offense in and of itself: Commonwealth v. Goda, 3 D. & C. 677 (1922). We think the two situations are so similar that the same result would be mandated.

Finally, we have defendant's motion to quash the

662

indictment on the grounds that section 506 of the Act of 1939, supra, discriminates against the male defendant in a charge of fornication and bastardy because it provides for an additional sentence against the male which takes the form of a "support" or maintenance order for the child, but makes no similar provision for the female party to the crime. Since defendant here has not yet been indicted, we can easily dispose of the motion to quash by dismissing it as being untimely filed.

## ORDER OF COURT

And now, April 27, 1972, defendant's application for relief is denied and the motion to quash is dismissed. The district attorney is authorized and directed to present the within matter to the grand jury at its next regular session.