Commonwealth *v.* Stone, Appellant.

Submitted March 11, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas C. Zerbe, Jr.,* for appellant.

*Richard L. Guida* and *Marion E. MacIntyre,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:
This is an appeal from the sentence imposed by the Court of Common Pleas, Criminal Division, of Dauphin County after waiver of presentment to the Grand Jury and the entry of a plea of guilty by the Appellant to a

count of possession with intent to deliver and manufacture, and unlawful possession of a controlled substance under The Controlled Substance, Drug, Device and Cosmetic Act, April 14, 1972, P. L. 233, No. 64, §15, *as amended* (35 P.S. §780-115). Appellant had at least one prior conviction and therefore came under the provisions of Section 115 of said Act. The Judgment of Sentence imposed by the lower court was a term of two to five years. On this direct appeal Appellant agrees that this sentence was lawful under the applicable provisions of the statutory law, but claims it to be excessive under the circumstances of this case. We cannot agree, and Judgment of Sentence will be affirmed.

Appellant, by prior arrangement with an out-of-state source, received approximately six pounds of marijuana through air express for delivery to Appellant's Harrisburg address. Subsequent to making such arrangements and prior to delivery Appellant apparently had a change of heart and notified his parole officer and the Harrisburg police of the forthcoming delivery. Approximately two minutes after delivery of this package, and before it was opened, Harrisburg police who had proper warrants arrived, confirmed the contents of the package and placed Appellant under arrest and properly advised Appellant of his rights.

Appellant waived arraignment and presentment to the Grand Jury and was represented by the Office of Public Defender of Dauphin County. The record contains an exceptionally full colloquy including a discussion of prior convictions and the possibility of a sentence of up to ten years. Appellant's understanding was complete, with only his request for probation or leniency entered upon the record. No promises or plea bargaining are alleged.

The legislature alone can prescribe the sentences permissible under the penological system of the Commonwealth and the permissible sentence in this case

could have been a maximum of ten years. The lower court, in its proper function, imposed a sentence of two to five years, well under the maximum allowable under applicable statutes. This is certainly a reflection of the circumstances of the case and while not the sentence requested by Appellant, is a proper and legal sentence. The fixing of the terms of a sentence is exclusively a judicial function and the severity of the sentence lies within the sole discretion of the trial court and will not be reviewed on appeal unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. *Commonwealth v. Brown,* 443 Pa. 274, 278 A. 2d 170 (1971); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971); *Commonwealth v. Bilinski,* 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959).

Since the sentence here falls within neither we will not disturb the sentence.

The Judgment of Sentence of the lower court is affirmed.

SPAETH, J., dissents.

———

CONCURRING OPINION BY HOFFMAN, J.:

I concur with the Majority in affirming the judgment of sentence in the instant appeal. Appellant's only contention here is that he received an excessive sentence under the circumstances. Under The Controlled Substance, Drug, Device and Cosmetic Act of 1972, April 14, P. L. 233, 35 P.S. §780, a sentence of two to five years for unlawful possession and possession with the intent to deliver and manufacture approximately six pounds of marijuana is entirely lawful, and being well under the maximum permissible was not so manifestly excessive as to constitute an unlawfully severe punishment.

In reviewing the facts of the case, however, it appears that there might have been insufficient evidence

to convict the appellant on said charges. It is admitted that, while on probation, the appellant approached his probation officer and disclosed the fact that he had made arrangements with an out-of-state source to receive a shipment of marijuana through the mails. He said that he had had a change of heart and did not wish to engage in any unlawful activity with regard to the drugs. Thereafter, the package was delivered by air express to the appellant's address in Harrisburg. Approximately two minutes after delivery, and while it was still unopened, police arrested the appellant after confirming the contents of said package.

Pennsylvania, as other states do, recognizes the possibility that an individual may, at some point, abandon the purpose of an intended crime, either at the preparation stage or prior to consummation of the substantive offense. See *Commonwealth v. Holloway*, 429 Pa. 344, 240 A. 2d 532 (1968). In some instances, a finding of abandonment will, nevertheless, result in a conviction on the crime of attempts, while under a different set of facts, the result may be exoneration. On the state of the record, it is impossible to determine the extent of appellant's involvement. Appellant, despite alleged representations by his counsel that the case might be defended successfully, pleaded guilty to the charges against him. If error was committed or if an injustice was permitted to occur, such conclusion may not be gleaned from the scant record of the lower court, but must be determined in a collateral proceeding.

CERCONE, J., joins in this concurring opinion.