## Commonwealth *v.* Kelly.

## Commonwealth *v.* Grove.

*Criminal law—Appeals—Harmless error—Jury—Instructions without presence of prisoner or counsel.*

1. After a criminal prosecution has ended in a conviction, and the evidence sustains the verdict, an appellate court, even where an error in practice has occurred, will not reverse unless it is convinced not only that the error was committed, but also that such error did in all probability harm the defendant.

2. Such a rule is applicable where a trial judge communicates instructions to the jury in the absence of both prisoner and his counsel.

3. Although such practice is bad, it is not ground for reversal unless the prisoner is harmed thereby.

Argued February 1, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 50 and 51, March T., 1928, by plaintiff, from judgments of Superior Court, April T., 1928, Nos. 780 and 781, reversing judgments of Q. S. Cambria Co., March T., 1927, Nos. 150 and 151, on verdict of guilty, in cases of Commonwealth v. Sam Kelly and Commonwealth v. W. W. Grove. Reversed.

Appeals from Superior Court: see 91 Pa. Superior Ct., 553 and 559.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the judgments of the quarter sessions. Defendants appealed.

*Error assigned* was reversal of judgments, quoting record.

*Clarence E. Davis,* First Assistant District Attorney, with him *D. P. Weimer,* District Attorney, for appellant, cited: Sommer v. Huber, 183 Pa. 162; Cunningham v. Patton, 6 Pa. 355; Allegro v. Ins. Co., 268 Pa. 333; Com. v. Divomte, 262 Pa. 504; Com. v. Winter, 289 Pa. 284.

*Philip N. Shettig,* with him *Robert C. Hoerle,* for appellee, cited: Com. v. House, 6 Pa. Superior Ct. 92; Com. v. Grove, 91 Pa. Superior Ct. 553; Fillippon v. Slate Co., 250 U. S. 76.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 12, 1928:

The two defendants in these cases were convicted upon indictments which charged, in several counts, that they administered drugs to the wife of one of them, to procure a miscarriage, and used instruments with like intent, resulting in her death. They were tried together and sentenced at the same time to like punishments; both appealed to the Superior Court, which tribunal reversed the judgments of the court below and awarded a new trial. The Commonwealth appealed to this court from that order. The only point for decision is common to both appeals, so this opinion will dispose of them as one.

The question involved, stated in the briefs, is as follows: "Is it reversible error for the trial judge, from his chambers, in the absence of defendant and his counsel, at the request of the jury, to send additional or further written instructions to the jury after it has retired to deliberate, which instruction is simply a restatement as to the form of the verdict which might be rendered, contained in the charge proper"; or which, more specifically, is a repetition of the general rules of law stated in the charge concerning the right of the jury to acquit on some counts of an indictment and convict on others?

The facts giving rise to the above question are agreed to be as follows: "After the jury retired, a written communication was sent to the trial judge in his chambers (a room opening off the court room, on the opposite side from the attorneys' room), which made inquiry as to whether or not the jury might acquit on some counts in the indictment and convict on others. The judge wrote a reply on the same paper sent down by the jury, stating that, either or both of the defendants might be acquitted or convicted on any or all of the counts in the respective indictments except the first. This paper was not preserved and is therefore not available now.

The above further instruction to the jury was not submitted to counsel for defendants, nor was it given to the jury in the presence of either the defendants or their counsel. At the time the query was sent in by the jury, counsel for defendants were in the attorneys' room adjoining the court room, and could have been called, but were not, due to a practice pursued in the courts of this county for many years where an inquiry has come from the jury after they have retired which does not present any new matter."

In its opinion refusing to set aside the verdicts rendered by the jury, the court below states: "The charge contains the same identical instruction as that which was given later to the jury after they had retired [and this is conceded by defendants]. If there were any contradiction or uncertainty as to the instruction, there should, of course, be a new trial, but [to hold it to be reversible error] for the judge to repeat to the jury, either by recalling them or in a note in answer to their inquiry, a part of the instruction already given them, even though the defendants and their counsel were not present, seems to us to be super-technical, and not in harmony with the tendency of our courts to have cases retried only where there has been material error made in the trial of the case."

For a trial judge to communicate any instructions to the jury in the absence of both the prisoner and his counsel is bad practice, and in several cases cited by appellants has been held to be error; but, under the modern view, after a criminal prosecution has ended in a conviction, and the evidence sustains the verdict, even where an error in practice has occurred, an appellate court should not reverse unless it "feels not simply that the mistake in question possibly influenced the jury against defendant, but also that it is strongly probable the verdict rendered reflects such adverse influence" (Com. v. Daily (No. 2), 280 Pa. 59, 65; Com. v. Marshall, 287 Pa. 512, 524; Com. v. Dilsworth, 289 Pa. 498,

508. See also Com. v. Meyers, 290 Pa. 573, 581) ; in other words, unless the court is convinced not only that error was committed but also that such error did in all probability harm the defendant. Many cases are conceivable where the giving of instructions when neither the prisoner nor his counsel were present would constitute reversible error, because it would be plain that such instructions either harmed the defendant in the mind of the jury or might well have done so. In this case, however, it is manifest that the instructions under consideration could not have worked any harm, and, therefore, we cannot agree with the Superior Court that the act of the trial judge in giving them in the manner complained of required it to reverse what otherwise was a proper conviction of two undoubtedly guilty offenders against the law.

None of the authorities cited by the Superior Court or relied on by the defendants controls this case; all of them are distinguishable on their facts in material particulars, and, moreover, they were written at a time when, or in jurisdictions where, the modern point of view above outlined did not prevail.

The judgment of the Superior Court is reversed and that of the court below reinstated and affirmed; it is ordered that each defendant shall fulfill the sentence imposed on him by the trial court judge, or any part of it which had not been performed at the time these appeals were perfected, the court below to take proper measures to carry out this order.