Commonwealth *v.* Felton, Appellant.

*William J. Brady, Jr.,* for appellant.

*Jeffrey Brodkin,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 14, 1973:

This appeal raises the question of whether or not a trial may be conducted in the absence of the defendant.

The appellant, Warren Felton, was charged with burglary, aggravated robbery, and carrying a concealed deadly weapon. On June 1, 1971, the appellant, who was free on bail, and his counsel appeared before the

Honorable Herbert R. CAIN, Jr., and requested a continuance on the ground that the appellant had been ill and had been unable to communicate with his attorney and aid in the preparation of his case. Furthermore, the appellant contended that his illness would make his attendance at trial difficult. Judge CAIN refused to grant appellant's request for a continuance and ordered appellant to appear in Room 654 City Hall, Philadelphia for trial before the Honorable Leo WEINROTT.

Rather than appear for trial, the appellant disappeared without ever setting foot in Judge WEINROTT'S courtroom. Judge WEINROTT issued a bench warrant for appellant and adjourned the proceedings for the day. When the appellant was not apprehended, the Judge engaged in numerous discussions with the District Attorney and defense counsel before electing to proceed with the trial in the absence of the defendant. The decision to try the defendant in absentia was made over the strenuous objection of defense counsel.

The origin of the modern right to be present at one's trial is devolved from the ancient common law requirement that no trial for a felony could take place in the absence of the defendant; neither could the defendant waive his right to be present at trial because his absence would deprive the court of jurisdiction in the matter. 61 J. Crim. L. 327 (1970). In the late 1800's, the Supreme Court of the United States enunciated the rule that where a defendant has been charged with the commission of a felony, nothing may be done in the absence of that defendant. *Lewis v. United States,* 146 U.S. 370, 372 (1892). Chief Justice GIBSON of the Pennsylvania Supreme Court most clearly and unequivocally expressed this principle of law over 120 years ago: "It is undoubtedly error to try a person for a felony in his absence, *even with his consent.* It would be contrary to the dictates of humanity to let him waive

the advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defense with indulgence. *Never has there heretofore been a prisoner tried for felony in his absence. No precedent can be found in which his presence is not a postulate of every part of the record* . . . when it is stated on the record positively that the prisoner was not present, we cannot shut our eyes to the fact. What authority had the prisoner's counsel in this instance, on the pretext of convenience, to waive their presence? In a criminal case, there is no warrant of attorney, actual or potential; for when a prisoner binds himself by an agreement which he is competent to make, it is entered on the record as his immediate act; and this is a sufficient reason why he should be in Court to do those things which his counsel cannot do for him. It is unnecessary, however, to speak of delegated authority; for the *right of a prisoner to be present at his trial is inherent and inalienable." Prine v. The Commonwealth,* 18 Pa. 103, 104-105 (1851) (emphasis added).

The absolute tenor of the rule that a trial may not be conducted in the absence of the defendant has been eroded over the years. In *Diaz v. United States,* 223 U.S. 442 (1912), the Supreme Court ruled: "But, where the offense is not capital and the accused is not in custody, the prevailing rule has been that if, after the trial has begun *in his presence,* he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." 223 U.S. at 455 (emphasis added).

The question of whether or not a defendant has a right to be present at all stages of his trial was most fully discussed by Justice Benjamin CARDOZO in *Snyder*

*v. Massachusetts,* 291 U.S. 97 (1934), overruled on other grounds *Malloy v. Hogan,* 378 U.S. 1 (1964): "[I]n a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial to the fulness of his opportunity to defend against the charge." 291 U.S. at 105-106. For example, the courts have held that a defendant must be present during the jury selection process, *Hopt v. Utah,* 110 U.S. 574 (1884); *Lewis v. United States,* supra; during the presentation of additional instructions to the jury, *Shields v. United States,* 273 U.S. 583 (1927); and during the pronouncement of the verdict, *Commonwealth ex rel. Milewski v. Ashe,* 363 Pa. 596, 70 A. 2d 625 (1950). Most importantly, "The right of the accused to confront all witnesses against him during the course of the proceedings is *unquestioned." Pointer v. Texas,* 380 U.S. 400 (1965); *Commonwealth v. Hoss,* 445 Pa. 98, 113, 283 A. 2d 58, 67 (1971) (emphasis added).

In the instant matter, the appellant was never present in the courtroom during his trial. The jury was selected, the evidence was offered, and the verdict was rendered in the absence of the accused. The appellant was present in the assignment room on the day that the trial was scheduled to begin, but he violated the conditions of his bail by failing to appear in the courtroom to which his case was assigned. Although a defendant waives his right to be present at trial by voluntarily refusing to appear before the court once the trial has begun, *Commonwealth v. Diehl,* 378 Pa. 214, 217, 107 A. 2d 543-545 (1954), no court has ever held that a defendant waives his right to be present at trial by failing to appear on the date scheduled for trial. Indeed, *Diaz v. United States,* supra, specifically states that the defendant may waive his right to be present at trial by

voluntarily absenting himself from a trial which *began in his presence.*

Although there may be portions of the trial where a defendant's presence does not have "a relation, reasonably substantial to the fulness of his opportunity to defend against the charge," *Snyder v. Massachusetts,* supra, there is no question that an accused who is absent from an entire trial has been substantially prejudiced in presenting his defense.[1] This case is distinguishable from a proceeding where the defendant voluntarily absents himself from the courtroom subsequent to the initiation of the proceeding. If a mistrial were declared whenever a defendant voluntarily absents himself from the courtroom during trial, the courts would encourage defendants to refuse to appear whenever they expect the judge or jury to render a verdict of guilty. Such an absence would guarantee the defendant another opportunity to be acquitted. These circumstances do not attach to a case where the defendant does not appear on the date scheduled for trial. While the appellant's absence delayed the administration of justice, the appellant would not have received a second chance at acquittal if the trial had been postponed until his apprehension. If the waiver rule were extended to include actions taken by an accused prior to trial, fugitives who are unaware of the charges against them could be tried in absentia. This could prevent the system from reaching a just and fair verdict. Both the

---

[1] He lost his right to be present during the selection of the jury, *Hopt v. United States,* supra, *Lewis v. United States,* supra; he was not present during the charge to the jury, *Shields v. United States,* supra; and he was not present during the pronouncement of the verdict, *Com. ex rel. Milewski v. Ashe,* supra. Most importantly, he did not have an opportunity to confront the witnesses against him, *Pointer v. Texas,* supra; *Comm. v. Hoss,* supra; this right is explicitly guaranteed by Article 1, section 9 of the Pennsylvania Constitution.

United States and Pennsylvania Constitutions guarantee that an accused has a right to be present at trial; this right cannot be waived by an accused's actions prior to trial.

The order of the lower court is reversed and the case remanded for a new trial.