Commonwealth *v.* Robinson, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis S. Cali,* for appellant.

*Howell Rosenberg, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,*

First Assistant District Attorney, and *F. Emmett Fitz-patrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., February 27, 1975:

Appellant, Michael Craig Jones, also known as Charles T. Robinson, was arrested on February 4, 1972, and charged with burglary and resisting arrest. A judge sitting without a jury found appellant guilty as charged, and sentenced appellant on April 27, 1972 to one to five years on the burglary conviction, suspending sentence on the conviction for resisting arrest. We affirmed the decision of the lower court at 225 Pa. Superior Ct. 727, 307 A. 2d 324 (1973), and appellant filed a petition under the Post Conviction Hearing Act, alleging ineffective assistance of counsel. The case is before us on appellant's appeal from the refusal of the lower court, after a PCHA hearing, to grant him relief. We affirm the order of May 16, 1974, denying appellant's petition.

Appellant raises three arguments in his appeal:

(1) That he was deprived of his right to a fair trial by not being informed of the date of his trial until the morning of the trial itself;

(2) That he was denied the right to a fair trial in being prevented from presenting alibi witnesses; and

(3) That he was denied the right to effective representation by counsel. Appellant's first two arguments should have been raised on his direct appeal from the judgment of sentence, and cannot now be raised for the first time, 19 P.S. §1180-4; *Commonwealth v. Murray,* 452 Pa. 282, 305 A. 2d 33 (1973); furthermore, appellant did not even raise these issues in his Petition Under Post Conviction Hearing Act. The only way that this Court will consider these two issues then, is in relation to appellant's third argument (the only one presented in his PCHA petition), that he was ineffectively represented by counsel.

Appellant testified at the PCHA hearing that he had talked with his trial attorney for only five or ten min-

utes immediately before the trial; however, it has often been held that mere shortness of time for a defendant to confer with his counsel before trial does not constitute ineffective assistance of counsel. *Commonwealth v. Woody*, 440 Pa. 569, 271 A. 2d 477 (1970); *Commonwealth v. Berry*, 440 Pa. 154, 269 A. 2d 921 (1970). Appellant also testified that he had, immediately before the trial, informed his attorney that he had been unaware that the trial on the burglary and resisting arrest charges was set for that morning; also that he had informed the attorney of witnesses that could be called to show his "whereabouts" at the time of the burglary. At the PCHA hearing, the Commonwealth, in order to rebut appellant's allegations, called the attorney who had represented appellant at the trial. The attorney testified that he had no independent recollection of the case, but he also testified that, according to his usual practice, he would have made an application for a continuance had his client informed him of the existence of favorable witnesses. The attorney testified that he would not have gone to trial if he had not felt himself adequately prepared to defend his client.

For this Court to find that appellant was denied effective representation of counsel, we must determine that the course chosen by appellant's trial counsel was without a reasonable basis designed to effectuate appellant's interests, *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967), keeping in mind that the burden is upon appellant to demonstrate counsel's incompetence. *Commonwealth v. Murray*, 452 Pa. 282, 305 A. 2d 33 (1973). Having examined the record of the trial and the testimony developed at the PCHA hearing, we find that appellant was not denied effective assistance of counsel. On the contrary, the record reveals that appellant was represented by an attorney who had over sixteen years of experience practicing criminal law, and who conducted himself at trial

in a capable manner. While this attorney could not remember at the PCHA hearing exactly what had taken place at the trial almost two years earlier, he did testify that, had appellant informed him before the trial of the existence of potentially-helpful witnesses, according to his usual practice (the case being a first listing) he would have requested a continuance. Furthermore, the notes of testimony of the trial indicate that the trial judge asked appellant immediately before the trial if he was satisfied with the representation he had received to that point, to which the appellant replied, "Yes". A reasonable man who desired to have witnesses present at his trial or who was dissatisfied with his counsel, certainly should have spoken up at this time. We note also that, even if appellant had told his attorney before the trial that he could present witnesses to show his "whereabouts", it is difficult to see how such witnesses could have been of any use in appellant's defense, since appellant admitted at trial and at the PCHA hearing that he had been in the area of the burglarized house, and since appellant was alone when picked up by a police officer in the vicinity of the burglarized house. Even assuming then that appellant had informed his trial counsel of his desire to present witnesses to show his "whereabouts", we can not say that counsel's failure to request a continuance for the purpose of calling those witnesses to testify was without some reasonable basis designed to effectuate appellant's interests: had they been called, the witnesses would not have established that appellant was not in the area of the burglary. The law does not require trial counsel to call to the witness stand every witness mentioned by a criminal defendant when there is a reasonable basis for the attorney to believe that such witnesses would not be helpful in the defense of the client. We find that appellant was not denied effective assistance of counsel.

The order of the lower court is affirmed.