Commonwealth *v.* Graves, Appellant.

Argued November 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Mark S. Frank,* for appellant.

*Charles W. Johns,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and

454

*John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, February 2, 1976:

Appellant contends that his trial attorney's stipulation to the selection of two jurors in his absence constituted ineffective assistance of counsel.

Appellant's present attorney did not represent him at trial. Thus, his ineffectiveness claim can be raised on direct appeal if the grounds upon which the claim is based appear in the trial record. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A. 2d 435 (1975). The facts constituting the alleged ineffectiveness are set forth in an affidavit submitted by the attorney who represented appellant-Norman at trial:

"On the day that trial was scheduled for Richard Graves and Tyrone Norman, whom I represented, . . . defendants and counsel selected jurors together. At approximately 3:30 p.m. the twelfth juror was selected. I asked . . . the Chief Court Crier, whether our trial would start that day and he informed us that we would not start until the next morning. Counsel for Richard Graves and I told both defendants together that they could leave for the day and we would start early the next day.

"After defendants left, two jurors that had been selected asked to be excused since they were part of a holdover panel and our trial might take some time. Counsel for Richard Graves and I, as counsel for Tyrone Norman, stipulated that we would pick replacement jurors in defendants ['] absence. The defendants were not aware of the two new jurors until trial started the next day."

Absent a voluntary waiver, a defendant is entitled to be present when the jury is impanelled: ". . . the courts have held that a defendant must be present during the jury selection process, *Hopt v. Utah,* 110 U.S. 574 (1884),

*Lewis v. United States,* [146 U.S. 370 (1892)] . . ." *Commonwealth v. Felton,* 224 Pa. Superior Ct. 398, 402, 307 A. 2d 51, 53 (1973), cert. denied, 415 U.S. 984. See also *Commonwealth v. Doctor,* 228 Pa. Superior Ct. 304, 323 A. 2d 790 (1974). In Pennsylvania, this doctrine has been codified as a rule of criminal procedure: "The defendant shall be present at the arraignment, at every stage of the trial *including the impanelling of the jury* and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict." Rule 1117(a), Pa. R. Crim. P. (Emphasis added). It is apparent from the affidavit submitted by trial counsel that appellant was not "absent without cause"; he was not present when the two additional jurors were selected because his attorney advised him that he could leave. Appellant alleges that the selection of these jurors in his absence constituted ineffective assistance of counsel. We agree and, therefore, reverse the judgment of sentence.

In order to be deemed constitutionally effective, counsel's choice, in light of the available alternatives, must have some reasonable basis designed to effectuate the interests of his client. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). In the instant case, counsel's decision to select two jurors without the presence of his client cannot have any basis in reasonable trial strategy. The simple alternative was to complete the jury selection the following morning; there was nothing to be gained by denying appellants the right to participate in the selection of the jurors.

Judgment of sentence reversed and case remanded for a new trial.

Jacobs, J., dissents.