369 A.2d 791
**COMMONWEALTH of Pennsylvania**
**v.**
**Leonard George TOLBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided Feb. 18, 1977.

David S. Winston, Philadelphia, for appellant.

Stewart J. Greenleaf, Assistant District Attorney, William T. Nicholas, First Assistant District Attorney, and Milton O. Moss, District Attorney, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On August 23, 1974, Maria De Naro was assaulted as she walked along a pathway in Penn Valley, Montgomery

County. As a result of a description given by Maria to the police, appellant was arrested. Maria identified appellant as her assailant and appellant was subsequently indicted for simple assault [1] and indecent assault.[2] On April 30, 1975, appellant was found guilty of both counts by a jury. Because appellant was denied the right to be present during the selection of the jury, we must reverse the judgment of sentence of the lower court and grant appellant a new trial.

Appellant's trial was originally scheduled to begin ôn April 29, 1975. The court was convened sometime during the afternoon of that date, and, at that time, appellant's trial counsel informed the judge that the trial could not proceed because appellant was not present. It is apparent from the record, and uncontested by the Commonwealth,[3] that a person in the district attorney's office had that very morning misinformed trial counsel that the district attorney's office could not try the case on April 29. Therefore, counsel instructed appellant not to appear on that date, but to appear the following morning. Counsel explained this confusion and promised appellant's appearance the following morning.

 The trial judge was understandably irritated at the turn of events. As a gesture of appeasement, counsel offered to proceed with the jury selection despite appellant's absence. This offer was accepted and a jury was selected at that time. On appeal, appellant contends that trial counsel's decision to waive his presence during the selection of the jury was ineffective assistance of counsel, necessitating a new trial.[4]

1. 18 Pa.C.S. § 2701(a).
2. 18 Pa.C.S. § 3126.
3. The Commonwealth has not filed a brief with this Court.
4. This issue is properly before us. Where counsel on appeal is other than trial counsel, issues of ineffective assistance of trial counsel must be raised on direct appeal unless the grounds for the claim do not appear in the record. *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

In *Commonwealth v. Graves,* 238 Pa.Super. 452, 356 A.2d 813 (1976), this court was confronted with essentially the same issue. We reversed the defendant's conviction and granted a new trial, holding that "counsel's decision to select two jurors without the presence of his client cannot have any basis in reasonable trial strategy." 238 Pa.Super. at 455, 356 A.2d at 814.

■ The right of a defendant to be present during the selection of the jury, along with his right to be present during every other phase of the trial, is protected by Pa.R.Crim.P. 1117(a). Unless the defendant is absent without cause, the right is absolute. *Cf. Commonwealth v. Felton,* 224 Pa.Super. 398, 307 A.2d 51 (1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1577, 39 L. Ed.2d 881 (1974). The right of the accused to participate in the selection of the jury panel is an essential ingredient of a jury trial under the Pennsylvania Constitution. *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973).

■ In this case, appellant was not absent without cause. Therefore, it was error to select the jury in his absence, with or without the consent of counsel. The judgment of sentence of the lower court is reversed and the case is remanded for a new trial.

JACOBS, J., files a dissenting opinion in which VAN der VOORT, J., joins.

JACOBS, Judge, dissenting:

The only issue raised on appeal is whether a new trial is required because defense counsel was ineffective by waiving appellant's right to be present at the selection of the jury and then proceeding to select a jury in appellant's absence. This Court has already ruled that under such circumstances counsel must be considered ineffective. *Commonwealth v. Graves,* 238 Pa.Super. 452, 356 A.2d 813 (1976). Because I dissented from the *Graves*

decision and still do not agree with its reasoning, I have written the following dissent in the present case.

Appellant argues that counsel's waiver of appellant's right to be present during the selection of the jurors is ineffective assistance of counsel and by itself requires reversal. This was precisely the holding of the *Graves* decision. Although counsel's waiver of appellant's right to be present during the jury selection may have been without any reasonable basis, *see Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), I would not automatically grant a new trial but would remand the case to determine whether appellant was prejudiced by the unreasonable action of his trial counsel.

It has long been the law that a mere showing of error does not require reversal unless it appears that the error resulted in prejudice to the accused. *Commonwealth v. Linkowski*, 363 Pa. 420, 70 A.2d 278 (1950). Had appellant requested relief by way of the Post Conviction Hearing Act,[1] it would have been necessary to prove that "his conviction or sentence *resulted* from . . . (6) The denial of his constitutional right to representation by competent counsel." Act of January 25, 1966, P.L. (1965) 1580, § 3, 19 P.S. § 1180–3(c)(6) (Supp.1975–76) (emphasis added). In other words, error without prejudice or that which has not caused the conviction does not require reversal.

Several cases in our Commonwealth as well as cases in other jurisdictions have demonstrated this principle. In *Commonwealth v. Palmer*, 463 Pa. 26, 342 A.2d 387 (1975) defendant complained that an improper conference took place outside his presence between his counsel and the trial judge. The Pennsylvania Supreme Court ruled that assuming some impropriety occurred "Palmer's assignment of error must, therefore, be denied un-

1. Act of Jan. 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1975–76).

less he can demonstrate some actual prejudice." *Id.* at 34, 342 A.2d at 391. Although the accused had the right to be present at every stage of the proceedings, observed our Supreme Court in *Commonwealth v. Hoss*, 445 Pa. 98, 283 A.2d 58 (1971), if error occurred because of his absence from a change of venue hearing it was harmless when no prejudice resulted. Similarly, in *Commonwealth v. Kelly*, 292 Pa. 418, 141 A. 246 (1928) our Supreme Court refused to reverse a conviction because of a defendant's absence from trial at the time the jury was being instructed when there was no showing that the error harmed or prejudiced the defendant.

The Federal Courts have held that errors such as the trial judge's absence during the selection of the jury; *Stirone v. United States*, 341 F.2d 253 (3d Cir.), *cert. denied*, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965) ; *Taylor v. United States*, 386 F.Supp. 132 (E.D. Pa.1974), *aff'd*, 521 F.2d 1399 (3d Cir. 1975); or the failure of the stenographer to record the voir dire; *Haith v. United States*, 342 F.2d 158 (3d Cir. 1965); *Stirone v. United States*, supra; do not require the reversal of a conviction when there has been no prejudice to the defendant.

Other jurisdictions also require a showing of prejudice before a conviction is reversed because of a trial error. In *Kendall v. State*, 249 So.2d 657 (Miss.), *cert. denied*, 404 U.S. 1040, 92 S.Ct. 725, 30 L.Ed.2d 733 (1971), the defendant was not present at a special selection of jurors. Although the Supreme Court of Mississippi noted that the better practice would have been to have defendant present, it nevertheless refused to reverse the conviction because there was no assertion that the jury selected was biased or unfair. Where trial counsel failed to file certain routine pretrial motions, the Court in *People v. Allen*, 132 Ill.App.2d 1015, 270 N.E.2d 54 (1971), questioned the reasonableness of trial counsel's conduct. However, the Court ultimately held : "The defendant was

entitled to a fair trial, not a perfect one, for counsel is not required to be infallable [sic]. After examining the record we can only conclude that the defendant received a fair trial and was not prejudiced by incompetency of counsel." *Id.* at 1022, 270 N.E.2d at 60.

In conclusion, I would not grant a new trial if on remand it was demonstrated that appellant received a fair trial by an impartial and unbiased jury in spite of his absence from the voir dire. Another interesting question, however, is upon whom should the burden of proof of prejudice be placed? First, I would place the burden on appellant to prove that counsel was incompetent in his conduct of the trial. *Commonwealth ex rel. Washington v. Maroney,* supra; *Commonwealth v. Robinson,* 232 Pa. Super. 328, 334 A.2d 687 (1975). If it was established that counsel's decision to waive appellant's right to be present at the voir dire was without any reasonable basis, I would then shift the burden to the Commonwealth to demonstrate that although there was error it was not prejudicial. *See United States v. DeCoster,* 159 U.S. App.D.C. 326, 487 F.2d 1197 (1973); *United States ex rel. Dennis v. Rundle,* 301 F.Supp. 1291 (E.D.Pa.1969). Because the right to the reasonable assistance of counsel is guaranteed by the United States Constitution, *see* U. S.Const. amend. VI, a violation of that right would have to pass the harmless error test of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) to circumvent reversal. In *Chapman,* the United States Supreme Court held that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Id.* at 22, 87 S.Ct. at 827. The United States Supreme Court placed the burden on the state in that situation to prove that the error was harmless beyond a reasonable doubt because of the state's opportunity to benefit from the error by obtaining a conviction. *Id.* at 24, 87 S.Ct. 824.

30

Accordingly, if appellant establishes on remand that counsel's decision was unreasonable, *see Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), I would then permit the Commonwealth to prove that the error was harmless beyond a reasonable doubt. *See Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973); *Commonwealth v. Witherspoon*, 442 Pa. 597, 277 A.2d 827 (1971); *Commonwealth v. Gordon*, 431 Pa. 512, 246 A.2d 325 (1968), *cert. denied*, 394 U.S. 937, 89 S.Ct. 1215, 22 L.Ed.2d 469 (1969).

VAN der VOORT, J., joins in this dissenting opinion.