J-S46043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES BRYANT. | : | |
| | : | |
| Appellant. | : | No. 1894 EDA 2017 |

Appeal from the PCRA Order, June 1, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013822-2011.

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 26, 2018**

James Bryant appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court, which acted as the fact-finder during Bryant's bench trial, summarized the pertinent facts as follows:

> At approximately 12:00 AM on the evening of July 2, 2011, [Bryant] and his fiancée, Meatha Saunders (Saunders), returned to Saunders' home on 67th Street in southwest Philadelphia. The couple found that the front door had been left open, and the lights had been left on. Saunders' son, Will Myatt (Myatt), was asleep on the couch in the living room. [Bryant] woke Myatt and confronted him. A physical altercation ensued; Myatt and [Bryant] wrestled for several minutes until two of Myatt's friends – Dion Bennett (decedent) and Meron Ayele (Ayele) – overheard the two men fighting, entered the house, and separated Myatt and [Bryant]. Ayele recalled that he was not strong

enough to stop the fight by himself, so Bennett came to his aid, separating Myatt and [Bryant] from one another.

After being pulled away from Myatt by decedent, [Bryant] exited Saunders' home through the back door. Decedent, Myatt, and Ayele exited through the front door onto 67th Street. A few minutes later, [Bryant] emerged from the alleyway on the side of Saunders' home; once on 67th Street, [Bryant] instigated a verbal spat with decedent. Initially, decedent responded, "We all grown out here. Everybody should just go home and talk about it tomorrow." When [Bryant] chose not to leave, decedent stated, "Fuck it old head. I'll just fight you myself." [Bryant] told decedent, "We can just take this on the next block."

[Bryant] got into his car and drove to Bonaffon Street. He drove against traffic and parked the wrong way on Bonaffon Street, adjacent to a breezeway between the 6700 blocks of Bonaffon Street and South 67th Street. [Bryant's] car could be seen across the breezeway from where decedent, Myatt, Ayele, and Atakelete Seleshi (Seleshi), another friend of Myatt's, were standing on 67th Street. [Bryant] started "calling people out," from inside his car. Specifically, [Bryant] called out to decedent in a loud voice from his car, and invited decedent to cross the breezeway and meet him on Bonaffon Street. According to Ayele, at the time [Bryant] started calling people out, decedent appeared upset, but was "just standing" calmly on 67th Street. Decedent then obliged and walked across the breezeway towards the driver's side of [Bryant's] car. While standing outside the car, decedent punched [Bryant] through the open driver's side window. [Bryant] then fired a .22 caliber gun, striking decedent in the chest. At the time of the shooting, [Bryant] was the sole occupant of the car, which was still running. [Bryant] then returned to 67th Street in his car, "said something to somebody outside," and then "pulled off."

Immediately following the gunshot, Ayele and Seleshi saw decedent fleeing from [Bryant's] car. Decedent staggered into the breezeway and collapsed in Ayele's arms. Ayele and Seleshi carried decedent to decedent's car and transported him to the Hospital of the University of Pennsylvania, where he was pronounced dead shortly after arrival.

- 2 -

PCRA Court Opinion, 12/5/17, 2-4 (citations and footnote omitted).

At the conclusion of his bench trial, the trial court convicted Bryant of third-degree murder and related charges. On October 10, 2012, the trial court sentenced him to an aggregate term of 19 ½ to 41 years in prison. Following the denial of post-sentence motions, Bryant filed a timely appeal to this Court. On May 8, 2014, we affirmed Bryant's judgment of sentence. *Commonwealth v. Bryant*, 104 A.3d 41 (Pa. Super. 2014). Bryant did not seek further review.

On September 11, 2014, Bryant filed a timely *pro se* PCRA petition, and, on October 4, 2016, a supplemental PCRA petition. The PCRA court appointed counsel. On January 12, 2017, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon PCRA counsel's conclusion that Bryant's petition was without merit. On April 3, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Bryant filed a *pro se* response. By order enter May 19, 2017, the PCRA court dismissed Bryant's petition, and granted PCRA counsel's motion to withdraw. This appeal follows. Both Bryant and the PCRA court have complied with Pa.R.A.P. 1925.

Bryant raises the following eight issues in his brief:

A. Whether trial counsel was ineffective for failing to adequately prepare by meeting with [Bryant]?

B. Whether trial counsel was ineffective for failing to request a pre-trial psychological evaluation?

C. Whether trial counsel was ineffective for failing to conduct a pre-trial investigation of [a] video tape?

D. Whether trial counsel was ineffective for failing to conduct a pre-trial investigation of [the] victim's attempt to enter [Bryant's] car through a locked rear passenger door?

E. Whether trial counsel was ineffective for failing to interview known witness [Mary] Crooks?

F. Whether trial counsel was ineffective for failing to properly present and preserve the claim for Reconsideration of Sentence?

G. Whether [appellate] counsel was ineffective for failing to properly present and preserve the claim [of] insufficient evidence to support the third degree murder conviction?

H. Whether PCRA counsel was ineffective for [filing a] No-Merit Letter when the *pro se* claims possessed merit?

Bryant's Brief at 3.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted). In addition, A PCRA petitioner's right to an evidentiary hearing is not absolute. ***Commonwealth v. Barbosa***, 819 A.2d 81, 85 (Pa. Super. 2003). Rather, the PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues

- 4 -

of material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014). To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, a petitioner must show that he has raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. *Id.*

All of Bryant's issues allege the ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts

rise to the level of arguable merit is a legal determination.'" *Id.* (citing *Commonwealth v. Saranchak*, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. *Commonwealth v. Collins*, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted). A petitioner asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized." *Commonwealth v. Clark*, 626 A.2d 154, 157 (Pa. 1993). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he [or she] may have taken." *Stewart*, 84 A.3d at 707. A PCRA petitioner is not entitled to post-conviction relief simply because a chosen strategy was unsuccessful. *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Stewart*, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine

- 6 -

confidence in the outcome.'" **Id.** (quoting **Commonwealth v. Rathfon**, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." **Commonwealth v. Tharp**, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. **Commonwealth v. Travaglia**, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

As did the PCRA court, we address Bryant's first two issues together. Bryant first claims that trial counsel was ineffective for failing adequately to prepare for trial by meeting with him. Bryant argues that, because he was charged with first-degree murder, he "should have had multiple visits" from [trial counsel] "to understand the totality of the circumstances and to explore the complexities of the issues with [him]." Bryant's Brief at 7. Bryant asserts, "had [trial] counsel bothered to visit [him] more than once he would have learned of [his] attempted suicide while in jail." **Id.** According to Bryant, because he "was deprived of the benefits of adequate face-to-face meeting[s],

it is clear that [his] claim has arguable merit." Bryant's Brief at 7. He further argues that no reasonable basis exists for failing to have personal contact with a client who was facing murder charges. Finally, Bryant argues that he was prejudiced by trial counsel's failure to meet with him in person prior to trial, because "in order to prepare a defense to a charge of murder in the first degree, it is essential that at [the] very least, counsel meet his client in person, to gather information from his client in person, to gather information from the client, evaluate the client's demeanor, and try to establish a working relationship." *Id.* at 8.

In his second issue, Bryant argues that trial counsel was ineffective for failing to request a pre-trial psychological evaluation. Bryant argues that this evaluation would have aided him in lessening "his culpability to voluntary manslaughter under the distinct theories of heat of passion and imperfect self-defense." *Id.* Bryant also argues that the "[q]uestion of competency enters the arena for [him] based upon his suicide attempt" because this attempt "should have caused [trial] counsel to question [Bryant's] competency." *Id.* Bryant further argues that "the proffered evidence of his mental health history would have established that he shot the victim under the heat of passion" and that "the omitted evidence would have demonstrated that his 'passion' had its origins in his mental disorders." *Id.* at 9. Finally, Bryant "further maintains that the provocation necessary for a heat of passion claim was established by the [decedent's] threats against his life preceding the murder, and the stress

[Bryant] experienced when the gun discharged." *Id.* According to Bryant, "if [his] proffered evidence of mental health impairment was believed and accepted as evidence of 'passion,' the PCRA court was incorrect in dismissing the [PCRA] petition." Bryant's Brief at 9.

The PCRA court found that Bryant failed to adequately develop either claim of ineffectiveness of counsel, and that the claims otherwise lacked arguable merit. The Court explained:

> [Bryant] failed to provide any facts to establish either of [his claims].
>
> ***
>
> In addressing the first portion of [Bryant's] claims, this Court notes that it was [Bryant's] burden to provide sufficient information to describe the exact failure of trial counsel. [Bryant] failed to explain what he meant by "the totality of the circumstances" and specifically, what information he would have shared with trial counsel had there been more pre-trial meetings. By failing to develop this claim, despite being on notice from this Court's [Rule] 907 Notice that the information in the PCRA petition was insufficient, [Bryant] failed to show this aspect of his claim had any arguable merit.
>
> [Bryant] also claims that trial counsel was ineffective for failing to learn about [his] suicide attempt in jail and for failing to request a pre-trial psychological evaluation. [Bryant] claims these were "avenues by which [he] could have either attained acquittal or a reduced penalty." Although [Bryant] did not specifically relate these matters to an issue of competency to stand trial in his [Rule] 1925(b) Statement, since [Bryant's] petition only raised these matters with his competency to be tried, this Court will only address the issues of [Bryant's] suicide attempt and pre-trial evaluation as they related to [Bryant's] competency.
>
> Initially, [Bryant] claims that trial counsel failed to learn about [his] suicide attempt in jail while awaiting trial

because trial counsel failed to meet with [him] several times. [Bryant] did not explain why he did not share this information with trial counsel during their first meeting. Furthermore, [Bryant] provided no explanation as to what purpose this information would have served, beyond mitigating evidence with regard to the sentence imposed. When filing a PCRA petition, [a] petitioner is required to specify the grounds for the relief requested. [Bryant] initially failed to provide any specificity in his *pro se* PCRA petition and failed to address this deficiency even after this Court's [Rule] 907 Notice.

[Bryant] claims that trial counsel failed to request a pretrial psychological evaluation, despite [his] allegation that trial counsel saw a need for one. As with [Bryant's] preceding claim, [Bryant] failed to explain why trial counsel was ineffective for failing to request such an evaluation. [Bryant] failed to provide any reasoning or evidence to show that his case was actually prejudiced by trial counsel not requesting a pretrial psychological evaluation. Because [Bryant] did not meet his burden by providing sufficient information, he cannot now show he was actually prejudiced and therefore, this claim fails.

PCRA Court Opinion, 12/5/17, at 6-7 (citations and footnotes omitted).

Despite Bryant's failure to meet his statutory burden, the PCRA court further addressed Bryant's claims in relation to his competency to stand trial, and concluded that the record demonstrated that he "was competent to stand trial." *Id.* at 8.

Our review of the record supports the PCRA court's conclusions. Initially, we note that it is well settled that the "mere shortness of time for a defendant to confer with his counsel before trial does not constitute ineffective assistance of counsel." *Commonwealth v. Robinson*, 334 A.2d 687, 688 (Pa. Super. 1975); *see also Commonwealth v. Bundy*, 421 A.2d 1050,

1051 (Pa. 1980) (citation omitted) (explaining that "[t]he time devoted to attorney-client consultations affords no basis for inferring the total extent of trial preparation"). Thus, although trial counsel only met once in person with Bryant, this does not reflect on the adequacy of trial counsel's preparation for trial. Rather, in order to establish arguable merit to such a claim, the PCRA petitioner must identify specific issues of merit counsel should have raised or what beneficial information counsel would have learned had he consulted further with his client. *See*, *e.g. Commonwealth v. Harvey*, 812 A.2d 1190, 1196-97 (Pa. 2002). We agree with the PCRA court that Bryant has failed to meet this burden.

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Begley*, 780 A.2d 605, 635 (Pa. 2001) (*quoting Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981). Bryant's PCRA petitions made no such proffer. Stated differently, while Bryant refers to "proffered" and "omitted" evidence, he failed to explain what further information trial counsel would have gained from further consultation with him or a pre-trial psychological evaluation. Our review of the record supports the PCRA court's conclusion that Bryant was competent to stand trial.

In addition, although Bryant now claims that use of his mental health history at trial would have resulted only in a voluntary manslaughter

conviction, this claim was not included in his PCRA petition, and was not presented to the PCRA court with sufficient specificity in his Rule 1925(b) statement. Thus it is waived. *See generally Commonwealth v. Whitehawk*, 146 A.3d 266 (Pa. Super. 2016). Moreover, Bryant cites no case authority to support his claim that his alleged mental illness could have led to a "heat of passion" involuntary manslaughter conviction, *see Commonwealth v. Hutchinson*, 25 A.3d 277, 314 (Pa. 2011) (defining the term "passion" as used in the crime of involuntary manslaughter). Finally, there is nothing in the record to support Bryant's claim that the victim threatened his life. Indeed, the record testimony regarding the events prior to the shooting contradict such a claim. Thus, because Bryant has failed to establish that either claim of ineffectiveness has arguable merit, his first two claims do not entitle him to relief.[1]

In his third and fourth issues, Bryant argues that trial counsel was ineffective for failing to conduct a pre-trial investigation of a videotape from a business close to the crime scene, and for failing to investigate the decedent's attempt to enter his vehicle via the locked rear passenger door. Bryant argues that "a cursory investigation [by trial counsel] would have secured information in possession of the prosecution and the police, i.e., a video tape from the

---

[1] Although Bryant baldly asserts that use of his mental health history could also have led to a voluntary manslaughter (unreasonable belief) conviction, he provides no further argument.

neighborhood Chinese store," which "would have shown the [decedent] running after" his vehicle. Bryant's Brief at 10. According to Bryant, "[i]n a case as this one, and where the unpresented evidence so clearly bolsters the defense that was partially presented by [trial] counsel, prejudice is clear." *Id.* at 11.

In support of his fourth issue, Bryant asserts that a "cursory investigation would have revealed the victim had attempted to enter [his] vehicle through a locked rear passenger door at the scene of the incident." *Id.* at 12. Bryant further argues that during the attempted entry, he clearly observed a gun in the decedent's hand, and these facts "clearly would have a new dimension to the cross-examining of the witnesses." *Id.* In addition, Bryant opines that this information, "would have [alerted] trial counsel to pursue matters with the police about the witnesses who removed the [decedent's] gun from his pocket. It also would have uncovered that the [decedent] had drugs in his system from the toxicology report." *Id.*

Like Bryant's first two issues, the PCRA court concluded that these claims of ineffectiveness were undeveloped and otherwise without arguable merit. The court explained:

> As to the matter of the security camera footage, [Bryant] failed to cite to any facts in the record which would indicate that a recording of security camera footage existed, let alone that it would show any of the events leading up to the shooting. The [trial] testimony of Saunders made mention of a Chinese Store "on the corner," which decedent ran past to get to [Bryant's] car, which was parked around the corner on Bonnafon Street. There is no mention in these records

- 13 -

of whether there were any cameras installed at the Chinese Store, which may have recorded any of the events on the day of the shooting, nor did the Commonwealth at any time indicate that it possessed such a recording. In order to be eligible for relief under the PCRA, the petitioner must "plead and prove" each claim in his PCRA petition. As [Bryant] failed to provide any evidence to support his claim that security camera footage existed, short of the bare assertion of it, it fails.

[Bryant] also claims that trial counsel was ineffective for failing to conduct an investigation that would have revealed that decedent attempted to enter [Bryant's] car while holding a gun. Aside from [his] bare assertion that decedent had a gun, [Bryant] failed to provide any evidence that anyone saw decedent with a gun. [Bryant] elected not to testify. Thus, at trial, it was uncontested that decedent did not have a weapon in his possession at the time of the incident. [Seleshi testified that he "patted down" decedent's clothing while he was looking for decedent's keys in order to drive decedent to the hospital, and did not discover any weapons at that time. Further, neither Saunders nor Ayele observed any kind of weapon on decedent's person at any time the evening of the shooting.] As such, this claim is without arguable merit and, therefore, it fails.

Next, [Bryant] claims that trial counsel was ineffective for failure to learn about or address the fact that decedent had drugs in his system at the time of the shooting. Because [trial] counsel did, in fact, address this fact, this claim lacked arguable merit.

PCRA Court Opinion, 12/5/17, at 9-10 (citations and footnotes omitted).

Once again our review of the record supports the PCRA court's conclusions. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. *See generally*, *Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981). Because Bryant has not established that a video tape of security camera footage even existed, this ineffectiveness

claim rests on no more than speculation. In addition, nothing in the record supports his claim that the decedent possessed a gun on the night of the shooting. As recognized by the PCRA court, the testimony from witnesses at trial indicated that the decedent was unarmed. Although Bryant now claims that he saw the decedent with a gun in his hand, Bryant had the opportunity to relay this information to trial counsel either before or during trial. There is no record evidence that he did so. Finally, as noted by the PCRA court, trial counsel stipulated to the admission of the medical examiner's cause of death, which included the toxicology report, and trial counsel, during his closing argument, referred to the presence of drugs in the decedent's system as affecting the decedent's behavior on the night of the incident. *See* PCRA Court Opinion, 12/5/17, at 10-11. For all these reasons, Bryant's third and fourth issues afford Bryant no relief.

In his fifth issue, Bryant argues that trial counsel was ineffective for failing to interview Mary Crooks. According to Bryant, Ms. Crooks "was initially questioned by the police because she saw a black male run past her and throw his hat on the fence by the Chinese store on the block." Bryant's Brief at 13-14. Bryant argues that because the Chinese store was in close proximity to where the shooting occurred, she "could have shed light on what the [decedent] was doing before he attacked [him]." Bryant contends that trial counsel was provided with Ms. Crooks' statement in discovery, and that he was prejudiced because Ms. Crooks was an "eye-witness to the defense theory that the [decedent] attacked" him. *Id.* at 14. Bryant further contends that

- 15 -

her testimony would have also contradicted "the alleged theory put forward by the Commonwealth." *Id.*

In dismissing this claim, the PCRA court noted that Bryant failed to attach to his PCRA petition the requisite certification regarding Ms. Crooks' proposed testimony, information regarding her name, address and date of birth, and "any documents material to that witness's testimony." PCRA Court Opinion, 12/5/17, at 11-12 (citing 42 Pa.C.S.A. 9545(d)). The PCRA court further stated that, besides not providing this certification, Bryant "failed to even provide evidence to establish that such an individual was, in fact, interviewed by the police in reference to the shooting." *Id.* at 12. Finally, the PCRA court noted that it informed Bryant of this deficiency in its Rule 907 notice, but that Bryant did not address the matter further in his response. *Id.*

We agree with the PCRA court's conclusion that the lack of a certification from Bryant regarding Ms. Crooks, in and of itself, is fatal to his ineffectiveness claim. Moreover, as recognized by the PCRA Court, in order to prevail on a claim that trial counsel was ineffective for failing to interview a witness, a PCRA petitioner must establish that: 1) the witness existed; 2) the witness was available and willing to testify for the defense; 3) counsel was aware, or should have been aware, of the witness's existence; and 4) that the petitioner was prejudiced by the absence of the witness's testimony. *Commonwealth v. Simpson*, 66 A.3d 253, 271 (Pa. 2013). Here, other than his bald assertion that trial counsel was provided Ms. Crooks' statement in discovery, Bryant has

failed to prove any of the **Simpson** factors.  Thus, the PCRA court properly rejected this ineffectiveness claim, and Bryant's fifth issue fails.

In his sixth issue, Bryant claims that trial counsel was ineffective for failing to properly present and preserve a claim regarding his motion for reconsideration of his sentence.  According to Bryant, trial counsel failed to support his post-sentence motion with legal argument and case law.  *See* Bryant's Brief at 15.  In addition, Bryant claims that there can be no "reasonable tactical decision" to not adequately support the motion, especially "when that omission yields a long sentence for one's client that would otherwise be the case." *Id.*

The PCRA court found this claim to lack arguable merit because trial counsel did file a reconsideration motion.  Moreover, the court concluded that Bryant "failed to allege what case law or legal argument trial counsel could have provided" such that his reconsideration motion would have been granted. PCRA Court Opinion, 12/5/17, at 13.

The court also explained:

> Furthermore, this Court does not see what legal argument [Bryant] believes trial counsel could have made. At [Bryant's] sentencing hearing, trial counsel requested the Court to consider [Bryant's] past as well as his mental health issues.  In Pennsylvania, one of the fundamental norms in the sentencing process is that a defendant's sentence be individualized.  That is what occurred in this case.  [Bryant] was not given the maximum possible sentence of 20-40 years [of] imprisonment on the murder of the third degree conviction.  The Court considered the facts of the case and the information contained in the Presentence Investigation and in the Mental Health Report.

- 17 -

> Because trial counsel did in fact file for reconsideration of sentence, the claim has no arguable merit, and therefore it fails.

*Id.* (citations and footnote omitted).

We agree with the PCRA Court that this claim of ineffectiveness affords Bryant no relief.  In **Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007), our Supreme Court held that a PCRA petitioner raising a claim of ineffectiveness regarding counsel's failure to file a motion for reconsideration must establish **actual** prejudice.  **See Reaves**, 923 A.2d at 1130.  Specifically, the Court held that a PCRA petitioner must show that filing the motion would have led to a more favorable sentence:

> The Commonwealth argues that the Superior Court's prejudice analysis misses the mark because the panel improperly focused on the effect of counsel's inaction upon the [**appeal**], rather than looking to the outcome of the underlying [**proceeding**] itself.  The Commonwealth is correct.  Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions.  Whether [counsel] can be deemed ineffective, then, depends upon whether [a defendant] has proven that a motion to reconsider sentence if filed . . . would have led to a different and more favorable outcome at [sentencing].  In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence.  The Superior Court panel erred as a matter of law in failing to appreciate the actual focus of the [actual] prejudice standard.

**Reaves**, 923 A.2d at 1131-32 (emphasis in original; footnote omitted).  Our Supreme further concluded that Reaves did not establish actual prejudice,

since "[on] this record, there is no reason to believe that, if only counsel had asked for a statement of reasons for the sentence at the [time of sentencing] that statement or explanation alone would have led the court to reduce the sentence"). *Id.* at 1132.

Here, Bryant failed to establish actual prejudice. Our Supreme Court in *Reaves* rejected a petitioner's claim of actual prejudice based merely upon counsel's failure to preserve an appellate issue. Although Bryant acknowledges that trial counsel filed a reconsideration motion, he nevertheless asserts that counsel failed to adequately support his sentencing claims with legal argument and case law. Bryant has provided no basis to disturb the PCRA court's determination that a motion for sentence reconsideration would have resulted in a reduced sentence. Given these circumstances, the PCRA court did not err in dismissing Bryant's sixth ineffectiveness claim.

In his seventh claim, Bryant asserts that appellate counsel was ineffective because he "failed to articulate any substantial argument on the issue of insufficient evidence to support the third degree murder conviction." Bryant's Brief at 16. In addition, Bryant notes that appellate counsel failed to provide the correct docket number. *Id.* We agree with the PCRA court that, because appellate counsel challenged the sufficiency of the evidence supporting Bryant's murder conviction in his direct appeal, Bryant's sufficiency claim is a "previously litigated" claim under the PCRA. *See* PCRA Court's Opinion, 12/5/17, at 13-14 (citing 42 Pa.C.S.A. § 9544(a). Bryant's claim

that appellate counsel was ineffective in presenting the sufficiency challenge on his direct appeal is refuted by our review of this Court's disposition of that claim. Our rejection of Bryant's sufficiency challenge was not based on an incorrect docket number. Rather, although appellate counsel argued that the evidence presented by the Commonwealth supported only a conviction for voluntary manslaughter (unreasonable belief), we disagreed, concluding that "the totality of the circumstances established an unintentional killing done with malice." **Bryant**, unpublished memorandum at 6. Thus, Bryant's seventh ineffectiveness claim fails.

In his eighth and final issue, Bryant asserts that PCRA counsel was ineffective for filing a **Turner**/**Finley** no-merit letter instead of an amended petition raising his meritorious issues, and that raising the claim within his brief is his first opportunity to raise the claim. **See** Bryant's Brief at 16. We disagree. Bryant had the opportunity to raise this claim in response to the PCRA court's Rule 907 notice of intent to dismiss his petition. **See** **Commonwealth v. Pitts**, 981 A.2d 875, 879-80 n.3 (Pa. 2009). Because he did not do so, his claim of PCRA counsel's ineffectiveness is inappropriately being raised for the first time on appeal. **See** Pa.R.A.P. 302(a). Nevertheless, because we have concluded that all of Bryant's other ineffectiveness claims fail, even if this final claim was preserved, this would have failed.

In sum, because all of Bryant's ineffectiveness claims are meritless, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/26/18</u>